# STATE OF MICHIGAN

# COURT OF APPEALS

BUREAU OF PROFESSIONAL LICENSING,

        Petitioner-Appellee,

v

KAREN LIND BUTLER, M.D.,

        Respondent-Appellant.

FOR PUBLICATION
December 21, 2017
9:10 a.m.

No. 334687
Board of Medicine Disciplinary
Subcommittee
LC No. 15-061678

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

MURPHY, P.J.

Respondent Karen Lind Butler, M.D., appeals as of right an order issued by the Michigan Board of Medicine Disciplinary Subcommittee (the subcommittee), which accepted and adopted the recommended findings of fact and conclusions of law set forth in a proposal for decision issued by a hearings examiner (HE) following an evidentiary hearing. Butler was previously reprimanded by the Wisconsin Medical Examining Board and failed to timely notify Michigan authorities of the reprimand. The HE and subcommittee concluded that Butler was in violation of MCL 333.16221(b)(*x*) ("[f]inal adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of . . . a license . . . regulated by another state") and (f) (failure to notify department of disciplinary action taken by another state against licensee within 30 days of action).[1] The subcommittee fined Butler $500 for the violations. We affirm the determination that Butler violated MCL 333.16221(b)(*x*) and (f), but vacate the fine and remand for further proceedings under Mich Admin Code, R 338.7005 (hereafter "Rule 5").

Butler is a doctor licensed to practice medicine in nine states, including Michigan and Wisconsin. In 2012, Butler was employed as the Regional Medical Director for Advanced Correctional Healthcare, providing medical services for persons jailed in Wisconsin. Pursuant to a stipulation entered into by Butler in February 2015, the Wisconsin Medical Examining Board formally reprimanded her for a 2012 incident wherein an inmate was prescribed medicine for

---

[1] MCL 333.16221(f) references a notification failure under either MCL 333.16222(3) or (4), and it is MCL 333.16222(4) that was implicated in this case, as it addresses licensing actions taken in another state.

hypothyroidism when his lab results were consistent with hyperthyroidism, which error was initially the result of a miscommunication regarding the lab results by a nurse during a phone call to Butler, but which error continued even after Butler was later provided with the actual lab results. As reflected in the stipulated final decision and order, Butler "acknowledged that the written lab report support[ed] a diagnosis of hyperthyroidism and that she erred." More than 30 days later, by letter dated April 22, 2015, the Director of Human Resources for Advanced Correctional Healthcare informed the Michigan Board of Medicine of Butler's Wisconsin reprimand, apologizing for the delay, which was blamed on a miscommunication in the corporate office and not due to any fault or failure on Butler's part.

In May 2015, the Michigan Department of Licensing and Regulatory Affairs (LARA), through the Acting Director of the Bureau of Health Care Services, filed an administrative complaint against Butler on the basis that there was a final adverse administrative action taken against Butler in Wisconsin, MCL 333.16221(b)(*x*), and that the action was not reported to LARA within 30 days, MCL 333.16221(f); MCL 333.16222(4). The crux of Butler's defense was that the Wisconsin reprimand was not based on any willful misconduct, that the prisoner patient suffered no adverse reaction to the prescribed medicine, that Butler implemented changes in jail protocols regarding the reporting of lab tests to help prevent future errors, and that, as to the 30-day notice failure, there was no willful wrongdoing on her part, given that she was led to reasonably believe that her employer or its counsel would provide the requisite notice in timely fashion. Following the evidentiary hearing, the HE concluded that the violations had been established by LARA by a preponderance of the evidence, concluding that there was no willful-intent element to the provisions in MCL 333.16221(b)(*x*) and (f). The HE issued a proposal for decision, recommending adoption of his findings of fact and conclusions of law, which recommendation was subsequently accepted by the subcommittee after Butler had filed exceptions to the proposal for decision. In the subcommittee's final order, it fined Butler $500 for the violations of MCL 333.16221(b)(*x*) and (f). She now appeals as of right.

Rulings by disciplinary subcommittees are reviewed on appeal solely under Const 1963, art 6, § 28. *Dep't of Community Health v Anderson*, 299 Mich App 591, 597; 830 NW2d 814 (2013); *Dep't of Community Health v Risch*, 274 Mich App 365, 371; 733 NW2d 403 (2007). Const 1963, art 6, § 28, provides:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

A court must review the entire record, not just the portions that support an agency's findings, when assessing whether the agency's decision was supported by competent, material, and substantial evidence on the whole record. *Risch*, 274 Mich App at 372. "Substantial evidence" means evidence that a reasonable person would find acceptably sufficient to support a conclusion. *Id.* This may be substantially less than a preponderance of evidence, but does

-2-

require more than a scintilla of evidence. *Id.* For purposes of Const 1963, art 6, § 28, a decision is not "authorized by law" when it is in violation of a statute or a constitutional provision, in excess of an agency's statutory authority or jurisdiction, made upon unlawful procedure that results in material prejudice, or when it is arbitrary and capricious. *Northwestern Nat'l Cas Co v Comm'r of Ins*, 231 Mich App 483, 488-489; 586 NW2d 563 (1998).

MCL 333.16231 authorizes the issuance of a complaint against a licensee for an alleged violation of MCL 333.16221; here, Butler was alleged to have violated MCL 333.16221(b)(*x*) and (f). And MCL 333.16231a provides for a hearing on the complaint before an HE. At the hearing, the licensee "may be represented . . . by legal counsel," and LARA "shall be represented . . . by an assistant attorney general[.]" MCL 333.16231a(4). The HE "shall determine if there are grounds for disciplinary action under section 16221 . . . ." MCL 333.16231a(2). The HE must "prepare recommended findings of fact and conclusions of law for transmittal to the appropriate disciplinary subcommittee." *Id.* "In imposing a penalty . . ., a disciplinary subcommittee shall review the recommended findings of fact and conclusions of law of the hearings examiner." MCL 333.16237(1). Under MCL 333.16237(3), "[i]n reviewing the recommended findings of fact and conclusions of law of the hearings examiner and the record of the hearing, a disciplinary subcommittee may request the hearings examiner to take additional testimony or evidence on a specific issue or may revise the recommended findings of fact and conclusions of law as determined necessary by the disciplinary subcommittee, or both." A disciplinary subcommittee is not permitted to conduct its own investigation or to take its own additional testimony or evidence. *Id.* MCL 333.16237(4) provides:

> If a disciplinary subcommittee finds that a preponderance of the evidence supports the recommended findings of fact and conclusions of law of the hearings examiner indicating that grounds exist for disciplinary action, the disciplinary subcommittee *shall impose* an appropriate sanction . . . . If the disciplinary subcommittee finds that a preponderance of the evidence does not support the findings of fact and conclusions of law of the hearings examiner indicating that grounds exist for disciplinary action, the disciplinary subcommittee shall dismiss the complaint. A disciplinary subcommittee shall report final action taken by it in writing to the appropriate board or task force. [Emphasis added.]

When a disciplinary subcommittee finds the existence of one or more of the grounds set forth in MCL 333.16221, the subcommittee "*shall* impose" a sanction. MCL 333.16226(1) (emphasis added). And for a violation of MCL 333.16221(b)(*x*), the available sanctions include "[p]robation, limitation, denial, suspension, revocation, permanent revocation, restitution, or fine." MCL 333.16226(1). For a violation of MCL 333.16221(f), the available sanctions are "[r]eprimand, denial, limitation, probation, or fine." Finally, MCL 333.16226(2) provides:

> Determination of sanctions for violations under this section shall be made by a disciplinary subcommittee. If, during judicial review, the court of appeals determines that a final decision or order of a disciplinary subcommittee prejudices substantial rights of the petitioner for 1 or more of the grounds listed in section 106 of the administrative procedures act of 1969, 1969 PA 306, MCL 24.306, and holds that the final decision or order is unlawful and is to be set aside, the court

shall state on the record the reasons for the holding and may remand the case to the disciplinary subcommittee for further consideration.

Here, Butler does not present a challenge to the findings that she violated MCL 333.16221(b)(*x*) and (f). Indeed, there can be no real dispute that the Wisconsin reprimand constituted a final adverse administrative action taken by another state against Butler's license, MCL 333.16221(b)(*x*), and that Butler failed to notify LARA or the Michigan Board of Medicine of the reprimand within 30 days, MCL 333.16221(f) and MCL 333.16222(4). Instead, Butler, on the strength of Rule 5, challenges the fine imposed by the subcommittee. Rule 5 provides in full:

> When a fine is designated as an available sanction for a violation of section 16221 to 16226 of the code, MCL 333.16221 to 333.16226, in the course of assessing a fine, the disciplinary subcommittee *shall take into consideration* the following factors without limitation:
>
> (a) The extent to which the licensee obtained financial benefit from any conduct comprising part of the violation found by the disciplinary subcommittee.
>
> (b) The willfulness of the conduct found to be part of the violation determined by the disciplinary subcommittee.
>
> (c) The public harm, actual or potential, caused by the violation found by the disciplinary subcommittee.
>
> (d) The cost incurred in investigating and proceeding against the licensee. [Rule 338.7005 (emphasis added).]

Butler argues that the subcommittee failed to apply Rule 5 in assessing the $500 fine, thereby acting unlawfully, beyond the scope of its powers, absent any supporting evidence, and in violation of Butler's due process rights. Butler posits that if the Rule 5 factors are weighed, there is no basis for any fine. LARA argues that it must be presumed that the subcommittee weighed the factors in Rule 5 in the course of assessing the fine and that, in light of the factors, the $500 fine was justified under the facts of the case. LARA accurately points out that the subcommittee was generally authorized to impose a fine of up to $250,000 for the violation of MCL 333.16221(b)(*x*). See MCL 333.16226(3).

First, as indicated above, MCL 333.16226(1) and MCL 333.16237(4) mandate a sanction for a violation of MCL 333.16221, so the subcommittee had no choice but to impose a sanction on Butler, choosing to fine her, which was an available sanction under MCL 333.16226(1) for the two particular violations at issue. Accordingly, given the subcommittee's election to solely impose a fine, and no other available sanction, Rule 5, an administrative rule, could not be employed to such an extent that no fine whatsoever was imposed by the subcommittee, which Butler is suggesting, as this would offend the mandatory-sanction language in the statutes. Therefore, the factors in Rule 5 must be weighed for purposes of determining the amount of the fine and not whether the fine should have been imposed in the first place. Even outside the circumstances of this case in which the $500 fine was the only sanction that was imposed, the plain language of Rule 5 reveals that it is meant to be analyzed merely in regard to setting the *amount* of a fine, not including $0, where it directs a subcommittee to consider the factors "in the

course of assessing a fine" when "a fine is designated as an available sanction."[2] The language, "in the course of assessing a fine," indicates or reflects that an underlying decision to impose a fine in some amount has already been made by the relevant subcommittee, leaving only a determination regarding the amount of the fine.

In the instant case, the final order issued by the subcommittee contains no indication that it examined and weighed the factors in Rule 5 in settling on the fine of $500, and we are in no position to presume that the subcommittee engaged in the required analysis. Moreover, we, as an appellate court, cannot act in place of the subcommittee and do our own independent examination and analysis in the first instance. Because the subcommittee apparently did not take into consideration the factors in Rule 5 in the course of assessing the fine, as the rule requires, the imposition of the $500 fine prejudiced Butler's substantial rights, as the ruling was made upon unlawful procedure and contrary to law. Const 1963, art 6, § 28; MCL 333.16226(2). Accordingly, while we affirm the subcommittee's ruling that Butler violated MCL 333.16221(b)(*x*) and (f) as alleged, we vacate the $500 fine imposed by the subcommittee and remand for proceedings under Rule 5 consistent with our interpretation of the rule.

Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[2] The rules of statutory interpretation apply equally to the construction of administrative rules, and thus the interpretation of a rule is "governed by its plain language." *Danse Corp v City of Madison Hts*, 466 Mich 175, 184; 644 NW2d 721 (2002).