NORTHWESTERN NATIONAL CASUALTY COMPANY v COMMISSIONER
OF INSURANCE

Docket No. 201458. Submitted August 4, 1998, at Lansing. Decided September 8, 1998, at 9:00 A.M. Leave to appeal sought.

Northwestern National Casualty Company and its wholly owned subsidiary, NN Insurance Company, foreign insurance companies that were licensed to engage in the insurance business in Michigan, were both sold to a new owner without the advance approval of the Commissioner of Insurance and applied to requalify for a certificate of authority to engage in the insurance business in Michigan after their certificates were terminated. The commissioner denied the application and the insurers' subsequent request to start a contested case before the Insurance Bureau. The insurers appealed, and the Lenawee Circuit Court, Harvey A. Koselka, J., affirmed the orders of the commissioner and also dismissed the insurers' attempt to bring an original action in the circuit court challenging the statute on which the commissioner relied. Following the denial of an application for emergency leave to appeal (Docket No. 194787) and an attempt to appeal as of right (Docket No. 201331), the Court of Appeals granted the insurers leave to appeal.

The Court of Appeals *held*:

1. Because no contested hearing was required or held in this case, the proper standard of review is not the substantial evidence test or the substantial and material error of law test. Where no hearing is required, it is not proper for the circuit court or the Court of Appeals to review the evidentiary support of an administrative agency's determination. In such case, judicial review is not de novo and is limited in scope to a determination whether the action of the agency was authorized by law. An agency's decision that is in violation of statute or the constitution, in excess of statutory authority or jurisdiction of the agency, made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious is not authorized by law. The trial court applied both standards of review. Although the court erred in applying the substantial evidence test, the error was harmless.

2. The commissioner's decision was authorized by law and must be affirmed.

3. The insurers had no property interest in their certificates of authority because they destroyed any reasonable expectation of retaining their certificates when they voluntarily underwent a change of control without prior approval by the commissioner and with the knowledge that doing so might result in automatic revocation if they failed to requalify. Therefore, they were not deprived of due process when the commissioner refused to allow them to start a contested case.

4. There are clearly defined statutory standards to guide the commissioner's decision regarding insurers' applications for requalification. The commissioner did not act arbitrarily or in violation of due process.

5. The different statutory treatment whereby domestic insurers who are denied requalification may start a contested case while foreign insurers who are similarly rejected may not start a contested case has a rational basis and does not deny foreign insurers equal protection.

6. The court properly dismissed the insurers' attempt to bring an independent action attacking the commissioner's decision and properly refused the insurers' request to conduct discovery.

Affirmed.

1. ADMINISTRATIVE LAW — JUDICIAL REVIEW — STANDARD OF REVIEW.

All final decisions of an administrative officer or agency existing under the constitution or by law that are judicial or quasi-judicial and affect private rights or licenses are subject to direct review by the courts as provided by law; this review must include, as a minimum, the determination whether such final decisions are authorized by law and, in cases where a hearing is required, whether the decisions are supported by competent, material, and substantial evidence on the whole record; it is not proper for a court to review the evidentiary support for an administrative agency's determination where no hearing is required because judicial review of such a decision is not de novo, but is limited to a determination whether the action of the agency was authorized by law (Const 1963, art 6, § 28).

2. ADMINISTRATIVE LAW — DECISIONS — AUTHORIZED BY LAW.

An administrative agency's decision is not authorized by law if it violates a statute or the constitution, is in excess of the agency's statutory authority or jurisdiction, is made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious.

3. ADMINISTRATIVE LAW — INSURANCE — INSURANCE CODE — STANDARD OF REVIEW.

The Insurance Code provides that a person aggrieved by a final order, decision, finding, ruling, opinion, rule, action, or inaction provided for under the code may seek judicial review in the manner provided for in chapter 6 of the Administrative Procedures Act; the code incorporates only the procedure provided in the Administrative Procedures Act and not its standards of review (MCL 24.301-24.306, 500.244[1]; MSA 3.560[201]-3.560[206], 24.1244[1]).

4. PROPERTY — PROPERTY INTEREST IN BENEFIT.

More than an abstract need or desire for a benefit is necessary in order for there to be a property interest in the benefit; there must be a legitimate claim of entitlement to the benefit; a unilateral expectation is insufficient.

5. INSURANCE — CONSTITUTIONAL LAW — CERTIFICATES OF AUTHORITY — INSURERS — CHANGES IN OWNERSHIP — CONTESTED CASES.

There is a rational basis for the different treatment accorded domestic insurers and foreign insurers in the Insurance Code whereby domestic insurers who are denied requalification for a certificate of authority to engage in the insurance business in the state following a change of control of the insurer may start a contested case while foreign insurers who are similarly rejected may not; the statutory scheme does not violate a foreign insurer's right to equal protection (MCL 500.405[1],[2], 500.1311[1],[2], 500.1315[2]; MSA 24.1405[1],[2], 24.11311[1],[2], 24.11315[2]).

6. INSURANCE — COMMISSIONER OF INSURANCE — DECISIONS — APPEAL.

Decisions of the Commissioner of Insurance may be challenged only in the manner provided in chapter 6 of the Administrative Procedures Act; under the act, administrative decisions are subject to direct review by the courts as provided by law; review of the commissioner's decisions may be sought by filing a petition for review in the circuit court within sixty days of the date when the decision is mailed; an independent action challenging the commissioner's decision is not permitted (MCL 24.301-24.306, 500.244[1]; MSA 3.560[201]-3.560[206], 24.1244[1]).

7. ADMINISTRATIVE LAW — APPEAL — RECORD.

Review of a determination of an administrative agency on direct appeal is confined to the agency's record; to enlarge the record, a party must obtain leave of the court by showing either that an inadequate record was made before the agency or that the additional evidence is material and there were good reasons for failing to present the additional evidence before the agency (MCL 24.304[3], 24.305; MSA 3.560[204][3], 3.560[205]).

*Foster, Swift, Collins & Smith, P.C.* (by *Scott L. Mandel* and *Michael W. Puerner*), for Northwestern National Casualty Company and NN Insurance Company.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *William A. Chenoweth*, Assistant Attorney General, for the Commissioner of Insurance.

Before: O'CONNELL, P.J., and KELLY and HOOD, JJ.

HOOD, J. This is an administrative case involving foreign insurance companies. Appellants appeal by leave granted from an order of the circuit court affirming three orders of the Commissioner of Insurance and from an order dismissing their original action challenging the statute on which the commissioner relied. We affirm.

Appellants Northwestern National Casualty Company and its wholly owned subsidiary, NN Insurance Company, are foreign insurance companies previously licensed to engage in the insurance business in Michigan. Both were sold to Vik Brothers Insurance on April 7, 1995. The companies then applied to requalify for a certificate of authority to engage in the insurance business in Michigan. Their applications were denied by the commissioner. The companies then attempted to start a contested case before the Insurance Bureau. The commissioner refused their request. The companies' appeal to the circuit court was unsuccessful, and their attempt to start an original action in the circuit court was dismissed. Appellants' application for emergency leave to appeal to this Court was denied, Docket No. 194787, as was their initial attempt to appeal the circuit court's order as of right,

Docket No. 201331. Leave to appeal was later granted in the present case.

Section 405 of the Insurance Code provides that, if a foreign insurer undergoes a change of control without the advance approval of the Commissioner of Insurance, its certificate of authority to engage in the insurance business in Michigan shall be automatically revoked unless the insurer "requalifies for a certificate of authority under the provisions of this act in force as of the change of control." MCL 500.405(1); MSA 24.1405(1). To avoid automatic revocation, the entity seeking to acquire control of a foreign insurer can request an advance decision of whether the commissioner would requalify the insurer after the change in control; if advance approval is granted, the commissioner may not reverse himself if the merger occurs within 180 days; further, if no decision is issued within ninety days of an advance decision request, approval is granted by default if the change of control occurs within 180 days of the date of the request. MCL 500.405(2); MSA 24.1405(2). Appellants in this case did not take advantage of the prior approval procedure.

Appellants first argue that the trial court applied the wrong standard of review to the commissioner's decision. We agree in part and disagree in part, but find the error harmless.

The Michigan Constitution provides that "[a]ll final decisions . . . of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final

decisions . . . are authorized by law; and, *in cases in which a hearing is required,* whether the same are supported by competent, material and substantial evidence on the whole record." Const 1963, art 6, § 28 (emphasis added). Whether "a hearing is required" is determined by reference to the statute governing the particular agency. See *Attorney General v Public Service Comm,* 206 Mich App 290, 293, 295-296; 520 NW2d 636 (1994). "Where no hearing is required, it is not proper for the circuit court *or this Court* to review the evidentiary support of an administrative agency's determination." *Brandon School Dist v Michigan Ed Special Services Ass'n,* 191 Mich App 257, 263; 477 NW2d 138 (1991) (emphasis added); see also LeDuc, Michigan Administrative Law, § 9:02, p 5. In such cases, "[j]udicial review is not de novo and is limited in scope to a determination whether the action of the agency was authorized by law." *Brandon, supra* at 263.

There is apparently much confusion regarding the meaning of this constitutional standard, whether an agency's decision is authorized by law. See LeDuc, § 9:05, pp 9-10. We agree that, in plain English, authorized by law means allowed, permitted, or empowered by law. Black's Law Dictionary (5th ed). Therefore, it seems clear that an agency's decision that "is in violation of statute [or constitution], in excess of the statutory authority or jurisdiction of the agency, made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious," is a decision that is *not* authorized by law. *Brandon, supra* at 263. We recognize that this interpretation is almost identical to the standards set out in the Administrative Procedures Act (APA). See MCL

24.306(1); MSA 3.560(206)(1); see also LeDuc (1998 supp), § 9:01, p 128. However, we find that is also a reasonable articulation of the constitutional standard because it focuses on the agency's power and authority to act rather than on the objective correctness of its decision. We therefore adopt the *Brandon* Court's formulation of whether an agency's decision is authorized by law.[1]

As noted by the parties, the Insurance Code provides that "[a] person aggrieved by a final order, decision, finding, ruling, opinion, rule, action, or inaction provided for under this act may seek judicial review *in the manner provided for* in chapter 6[2] of the [APA]." MCL 500.244(1); MSA 24.1244(1) (emphasis added). The APA normally provides review only from decisions and orders in contested cases. See MCL 24.301; MSA 3.560(201); see also *Martin v Stine*, 214

---

[1] We note that the applicable standard of review may be somewhat different in cases involving challenges to agency rules and that there is similar confusion regarding the meaning of the applicable standards. See LeDuc, §§ 9:38-9:50, pp 49-69. There may even be different standards of review depending on whether the challenge to the agency's rule is procedural or substantive. See *Goins v Greenfield Jeep Eagle, Inc*, 449 Mich 1, 7-10; 534 NW2d 467 (1995) (failure to comply with statutory procedural requirements renders rule invalid); *Luttrell v Dep't of Corrections*, 421 Mich 93, 100; 365 NW2d 74 (1984) (whether an agency rule is substantively valid depends on whether the subject matter is within the matter covered by the agency's enabling statute, whether it complies with underlying legislative intent, and, if it meets both, whether it is arbitrary or capricious); see also *Michigan State AFL-CIO v Secretary of State*, 230 Mich App 1; 583 NW2d 701 (1998) (emergency rules promulgated in disregard of statutory procedural requirements struck down as "procedurally invalid"). This difference may be attributable to the fact that an agency is acting in a quasi-legislative capacity when it makes rules, whereas an agency's adjudicative decisions—such as are under review in this case— are quasi-judicial in nature. See LeDuc, § 9:03, p 8. The standard of review stated in Const 1963, art 6, § 28, expressly applies only to "judicial or quasi-judicial" decisions.

[2] MCL 24.301-24.306; MSA 3.560(201)-3.560(206).

Mich App 403, 409-410; 542 NW2d 884 (1995). As discussed above, the APA's standards of review coincide with the authorized-by-law standard provided in the constitution, but the APA also allows an agency's decision to be set aside if it is "[n]ot supported by competent, material and substantial evidence on the whole record" or if it is "[a]ffected by other substantial and material error of law." MCL 24.306(1)(d) and (f); MSA 3.560(206)(1)(d) and (f).

We agree with the commissioner that the Insurance Code incorporates only the procedure provided in the APA and not its standards of review. In *Viculin v Dep't of Civil Service*, 386 Mich 375, 397-398; 192 NW2d 449 (1971), the Supreme Court held, albeit on separation of powers grounds, that a section of the Revised Judicature Act that provided at that time that "appeals [from the civil service commission] shall be made *in the same manner* as appeals are made from justice courts," MCL 600.631; MSA 27A.631, did not incorporate the de novo standard of review applicable to appeals from court decisions. Instead, the Court held that such language incorporated only " 'the mechanical procedures for taking the appeal.' " *Viculin, supra* at 397, quoting 3 Honigman & Hawkins, Michigan Court Rules Annotated, Authors' Comment to Rule 706, p 617 (emphasis added); see also LeDuc, § 9:04, p 9 (method of review differentiated from scope or standard of review). Therefore, in the present case, because no contested hearing was required or held, the proper standard of review was that set out in Const 1963, art 6, § 28 and explained in *Brandon*, not the substantial evidence test or the substantial and material error of law test. Our review of the record reveals that the trial court, in fact, clearly applied

both standards of review. The court's error in applying the substantial evidence test was, however, harmless.[3] As will be seen below, the commissioner's decision was not "in violation of statute [or constitution], in excess of the statutory authority or jurisdiction of the agency, made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious," and therefore must be affirmed. *Brandon, supra* at 263.

In particular, appellants argue that they have a property interest in their certificate of authority and therefore the commissioner deprived them of due process in refusing to allow them to start a contested case. We disagree.

" 'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate

---

[3] If that were the correct standard of review, the circuit court would have been correct in finding that the commissioner's decision was "supported by competent, material and substantial evidence on the whole record." See Const 1963, art 6, § 28; see also MCL 24.306(1)(d); MSA 3.560(206)(1)(d). Appellants' quibble is with the commissioner's conclusions and with the weight he gave to certain evidence. Appellants do not claim that the commissioner relied on inadmissible or incompetent evidence, see *McBride v Pontiac School Dist (On Remand)*, 218 Mich App 113, 122-123; 553 NW2d 646 (1996), nor do they claim that there is no evidence on the record to support his conclusions. Rather, appellants argue that the commissioner "failed to give positive consideration" to their "long and reliable history" in Michigan, that other states have approved their change of control, that he "incorrectly considered" how their "industry ratings demonstrate fitness for requalification," that he "failed to give positive consideration" to their "policyholders surplus," that he improperly considered industry averages, that he "failed to consider positively" their new owner's finances, and that he placed "excessive emphasis" on their holding company's losses. Because "the position adopted by the agency is supported by evidence from which legitimate and supportable inferences were drawn," the commissioner's decision survives the substantial evidence test. See *id.* at 123.

claim of entitlement to it.' " *Bundo v Walled Lake*, 395 Mich 679, 692; 238 NW2d 154 (1976), quoting *Bd of Regents of State Colleges v Roth*, 408 US 564, 577; 92 S Ct 2701; 33 L Ed 2d 548 (1972). Thus, a property interest has been found where the recipients of a benefit "have reasonably relied upon an existing practice" of continuing the benefit from year to year. *Bundo*, at 694 (liquor license). The *Bundo* Court also noted that the procedure for obtaining a new liquor license was "quite different" and "considerably more difficult" than the procedure for obtaining a renewal of an existing license, and found that this fact militated in favor of finding a deprivation of a property interest. *Id.* at 693, 695.

Here, the procedure for requalifying for a certificate of authority involves meeting the very same standards that must be met to initially obtain the certificate, which points toward a property interest. See MCL 500.405(1); MSA 24.1405(1). However, appellants in this case underwent a change of control without prior approval despite knowing that they were subject to automatic revocation if they failed to requalify. See MCL 500.405; MSA 24.1405. Even their certificate warned that it "may be revoked by the [c]ommissioner if control of the insurer . . . changes." If appellants had utilized the advance requalification procedure, they could have preserved the option of keeping their certificate and forgoing the change of control, but they chose not to do so. See MCL 500.405(2); MSA 24.1405(2). Thus, appellants had no property interest because they destroyed any *reasonable* expectation of retaining their certificate when they voluntarily underwent a change of control without prior approval and with knowledge that doing so

might result in automatic revocation if they failed to requalify.[4]

Appellants next argue that the commissioner acted arbitrarily and in violation of due process because there were no clearly defined statutory standards to guide his decision regarding their applications for requalification. We disagree.

The statute provides the commissioner with many clearly defined standards. These include the definition of "[s]afe, reliable, and entitled to public confidence," MCL 500.116(d); MSA 24.1116(d), and the extensive list of factors that the commissioner may use in determining whether an insurer meets that definition, MCL 500.436a(1)(a)-(z); MSA 24.1436(1)(1)(a)-(z). A finding that an insurer is "safe, reliable, and entitled to public confidence" is essential to qualifying—and therefore to requalifying—for a certificate of authority. MCL 500.424(3); MSA 24.1424(3). Also contrary to appellants' protestations, the commissioner is specifically authorized to consider, among many other things, reports and information obtained from the national association of insurance commissioners; the competence of the applicant's management; ratings by qualified organizations; material adverse deviations

---

[4] An unpublished case relied on by appellants, *LMI Ins Co v Comm'r of Ins*, unpublished opinion per curiam of the Court of Appeals, issued May 6, 1997 (Docket Nos. 169840, 181521), holding that a foreign insurer in somewhat similar circumstances was entitled to a contested hearing, is both nonbinding, MCR 7.215(C)(1), and unpersuasive. When the insurer in that case agreed to a change of control, § 405 did not even exist, let alone contain a requalification or prequalification procedure. By contrast, the change of control in this case took place with knowledge that § 405 provided for automatic revocation if the insurer did not requalify. Additionally, § 405 had been amended nine months earlier to provide a detailed advance requalification procedure that appellants could have used. See MCL 500.405(2); MSA 24.1405(2).

from industry financial averages; the applicant's financial solidity, including its surplus, size, and reserves; and the quality of the applicant's investment portfolio. MCL 500.436a(1)(b), (k), (p), (q), (r), (s), (v), (w), and (x); MSA 24.1436(1)(1)(b), (k), (p), (q), (r), (s), (v), (w), and (x).

Appellants also claim that the statute violates equal protection because it treats domestic insurers more favorably than foreign insurers. We again disagree.

Because this case involves a legislative, nonsuspect classification that does not affect fundamental rights, the classification is constitutional if it has a rational basis. *In re Pensions of 19th Dist Judges under Dearborn Employees Retirement System*, 213 Mich App 701, 705; 540 NW2d 784 (1995). It is true that the statute allows "domestic" insurers who are denied requalification to start a contested case, while "foreign" insurers who are similarly rejected cannot. See MCL 500.405(2); MSA 24.1405(2); compare MCL 500.1315(2); MSA 24.11315(2). However, domestic insurers are *required* to requalify before a change of control, whereas a foreign insurer can choose to apply for requalification either before or after the change of control. See MCL 500.405(1); MSA 24.1405(1); compare MCL 500.1311(1) and (2); MSA 24.11311(1) and (2). Further, foreign insurers that meet certain volume-of-business requirements are considered "domestic insurers" for purposes of this rule. See MCL 500.1311(3); MSA 24.11311(3).

In our opinion, the rational basis for the distinction is that, during the mandatory prequalification process, domestic insurers still have a property interest in their certificates—not yet having done anything to automatically revoke them—and are therefore enti-

tled to more due process protection in the form of a contested hearing. By contrast, a foreign insurer who goes ahead with a change of control without obtaining prior approval has destroyed its own property interest and is therefore entitled to less due process. We acknowledge that the statute would be more evenhanded if a foreign insurer who seeks and is denied prequalification were also allowed to start a contested hearing, given that it still has a protected property interest in its certificate. However, under the rational basis test, legislative distinctions need not avoid all inequality or be drawn with "mathematical nicety" in order to be constitutional. *People v Sleet*, 193 Mich App 604, 607; 484 NW2d 757 (1992). Rather, the difference in treatment between foreign and domestic insurers is constitutional because it is supported by facts that are known or could reasonably be assumed, even if those facts are debatable; the particular merits of the classification are not important. See *id.* at 606-607.

We also reject appellants' argument that the trial court improperly dismissed their attempt to start an original action.

The commissioner's decisions may be challenged only as provided in the Insurance Code, i.e., "in the manner provided for in chapter 6[5] of the administrative procedures act . . . ." MCL 500.244(1);   MSA 24.1244(1).   Under the APA, administrative decisions are "subject to *direct review* by the courts as provided by law." MCL 24.301; MSA 3.560(201) (emphasis added). Review is to be sought by filing a petition for review, MCL 24.302; MSA 3.560(202), in the cir-

---

[5] MCL 24.301-24.306;   MSA 3.560(201)-3.560(206).

cuit court, MCL 24.303(1); MSA 3.560(203)(1), within sixty days of the date when the agency's decision was mailed, MCL 24.304(1); MSA 3.560(204)(1). Clearly, an independent action attacking the agency's decision is not contemplated.[6]

Lastly, the trial court properly refused to allow appellants to conduct discovery. Review on direct appeal is confined to the agency's record. MCL 24.304(3); MSA 3.560(204)(3). In order to enlarge the record, a party must obtain leave of the court by showing either that an inadequate record was made before the agency or that the additional evidence is material, and by further showing that there were good reasons for failing to present the additional evidence before the agency. MCL 24.305; MSA 3.560(205). Appellants here make no effort to meet the second prong of this test.

In sum, appellants have failed to show that the commissioner's decision was "in violation of statute, in excess of the statutory authority or jurisdiction of the agency, made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious." *Brandon, supra* at 263; see Const 1963, art 6, § 28.

Affirmed.

---

[6] Appellants are correct in noting that the court rules regarding agency appeals apply only to administrative appeals under the Revised Judicature Act, MCR 7.104(A); MCL 600.631; MSA 27A.631 (when no other appeal is provided by law), and to appeals from decisions in contested cases, MCR 7.105(B)(1). Thus, they have no bearing on this case.