Murphy, P.J.
*462 Respondent, Karen Lind Butler, M.D., appeals as of right an order issued by the Michigan Board of Medicine Disciplinary Subcommittee, which accepted and adopted the recommended findings of fact and conclusions of law set forth in a proposal for decision issued by a hearings examiner following an evidentiary hearing. Butler was previously reprimanded by the Wisconsin Medical Examining Board and failed to timely notify Michigan authorities of the reprimand. The examiner and the subcommittee concluded that Butler violated the Public Health Code, MCL 333.1101 et seq., under MCL 333.16221(b)(x ) ("[f]inal adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of ... a license ... regulated by another state ...") and MCL 333.16221(f) (failure to notify department[1] of disciplinary action taken by another state against licensee within 30 days of action).[2] The subcommittee fined Butler $500 for the violations. We affirm the determination that Butler violated MCL 333.16221(b)(x ) and (f) but vacate the fine and remand for further proceedings under Mich. Admin. Code, R 338.7005 (Rule 5).
Butler is a doctor licensed to practice medicine in nine states, including Michigan and Wisconsin. In 2012, Butler was employed as the Regional Medical Director for Advanced Correctional Healthcare and was responsible for providing medical services for *463 persons jailed in Wisconsin. Pursuant to a stipulation agreed to by Butler in February 2015, the Wisconsin Medical Examining Board formally reprimanded her for a 2012 incident wherein an inmate was prescribed medicine for hypothyroidism when his lab results were consistent with hyperthyroidism. The error was initially the result of a miscommunication regarding the lab results by a nurse during a phone call to Butler, but the error continued even after Butler was later provided with the actual lab results. As reflected in the stipulated final decision and order, Butler "acknowledged that the written lab report support[ed] a diagnosis of hyperthyroidism and that she erred." More than 30 days later, by letter dated April 22, 2015, the Director of Human Resources for Advanced Correctional Healthcare informed the Michigan Board of Medicine of Butler's Wisconsin reprimand, apologizing for the delay, which was blamed on a miscommunication between the corporate office and Butler's Wisconsin *736 counsel and not on any fault or failure on Butler's part.
In May 2015, LARA, through the acting director of the Bureau of Health Care Services, filed an administrative complaint against Butler based on a final adverse administrative action taken against Butler in Wisconsin, MCL 333.16221(b)(x ), and the fact that the action had not reported to LARA within 30 days, MCL 333.16221(f) and MCL 333.16222(4). The crux of Butler's defense was that the Wisconsin reprimand was not based on any willful misconduct, that the prisoner-patient suffered no adverse reaction to the prescribed medicine, that Butler implemented changes in jail protocols regarding the reporting of lab tests to help prevent future errors, and that, as to the 30-day notice failure, there was no willful wrongdoing on her part, given that she was led to reasonably believe that *464 her employer or its counsel would provide the requisite notice in timely fashion. Following the evidentiary hearing, the examiner concluded that the violations had been established by LARA by a preponderance of the evidence, concluding that there was no willful-intent element to the provisions in MCL 333.16221(b)(x ) and (f). The examiner issued a proposal for decision, recommending adoption of his findings of fact and conclusions of law. The recommendation was subsequently accepted by the subcommittee after Butler had filed exceptions to the proposal for decision. In the subcommittee's final order, it fined Butler $500 for the violations of MCL 333.16221(b)(x ) and (f). She now appeals as of right.
Rulings by disciplinary subcommittees of regulated professionals are reviewed on appeal solely under Const. 1963, art. 6, § 28. Dep't of Community Health v. Anderson , 299 Mich.App. 591, 597, 830 N.W.2d 814 (2013) ; Dep't of Community Health v. Risch , 274 Mich.App. 365, 371, 733 N.W.2d 403 (2007). Const. 1963, art. 6, § 28, provides, in relevant part:
All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.
A court must review the entire record, not just the portions that support an agency's findings, when assessing "whether an agency's decision was supported by competent, material, and substantial evidence on the whole record[.]" Risch , 274 Mich.App. at 372, 733 N.W.2d 403.
*465 "Substantial evidence" means "evidence that a reasonable person would accept as sufficient to support a conclusion." Id. This may be substantially less than a preponderance of evidence, but does require more than a scintilla of evidence. Id. For purposes of Const. 1963, art. 6, § 28, a decision is not "authorized by law" when it is in violation of a statute or a constitutional provision, in excess of an agency's statutory authority or jurisdiction, made upon unlawful procedure that results in material prejudice, or when it is arbitrary and capricious. Northwestern Nat'l Cas. Co. v.Comm'r of Ins. , 231 Mich.App. 483, 488, 586 N.W.2d 563 (1998).
MCL 333.16231 authorizes the issuance of a complaint against a licensee for an alleged violation of MCL 333.16221 ; here, Butler was alleged to have violated MCL 333.16221(b)(x ) and (f). And MCL 333.16231a provides for a hearing on the *737 complaint before an examiner. At the hearing, the licensee "may be represented ... by legal counsel," and LARA "shall be represented ... by an assistant attorney general[.]" MCL 333.16231a(4). The examiner "shall determine if there are grounds for disciplinary action under section 16221 ...." MCL 333.16231a(2). The examiner must "prepare recommended findings of fact and conclusions of law for transmittal to the appropriate disciplinary subcommittee." Id. "In imposing a penalty ..., a disciplinary subcommittee shall review the recommended findings of fact and conclusions of law of the hearings examiner." MCL 333.16237(1). "In reviewing the recommended findings of fact and conclusions of law of the hearings examiner and the record of the hearing, a disciplinary subcommittee may request the hearings examiner to take additional testimony or evidence on a specific issue or may revise the recommended findings of fact and conclusions of law as determined necessary by the disciplinary subcommittee, or both." *466 MCL 333.16237(3). A disciplinary subcommittee is not permitted to conduct its own investigation or to take its own additional testimony or evidence. Id. MCL 333.16237(4) provides:
If a disciplinary subcommittee finds that a preponderance of the evidence supports the recommended findings of fact and conclusions of law of the hearings examiner indicating that grounds exist for disciplinary action, the disciplinary subcommittee shall impose an appropriate sanction .... If the disciplinary subcommittee finds that a preponderance of the evidence does not support the findings of fact and conclusions of law of the hearings examiner indicating that grounds exist for disciplinary action, the disciplinary subcommittee shall dismiss the complaint. A disciplinary subcommittee shall report final action taken by it in writing to the appropriate board or task force. [Emphasis added.]
When a disciplinary subcommittee finds the existence of one or more of the grounds set forth in MCL 333.16221, the subcommittee "shall impose" a sanction. MCL 333.16226(1) (emphasis added). And for a violation of MCL 333.16221(b)(x ), the available sanctions include "[p]robation, limitation, denial, suspension, revocation, permanent revocation, restitution, or fine." MCL 333.16226(1). For a violation of MCL 333.16221(f), the available sanctions are "[r]eprimand, denial, limitation, probation, or fine." MCL 333.16226(1). Finally, MCL 333.16226(2) provides:
Determination of sanctions for violations under this section shall be made by a disciplinary subcommittee. If, during judicial review, the court of appeals determines that a final decision or order of a disciplinary subcommittee prejudices substantial rights of the petitioner for 1 or more of the grounds listed in section 106 of the administrative procedures act of 1969, 1969 PA 306, MCL 24.306, and holds that the final decision or order is unlawful and is to be set aside, the court shall state on the record the *467 reasons for the holding and may remand the case to the disciplinary subcommittee for further consideration.
Here, Butler does not present a challenge to the findings that she violated MCL 333.16221(b)(x ) and (f). Indeed, there can be no real dispute that the Wisconsin reprimand constituted a final adverse administrative action taken by another state against Butler's license, MCL 333.16221(b)(x ), and that Butler failed to notify LARA of the reprimand within 30 days, MCL 333.16221(f) and MCL 333.16222(4). Instead, Butler, on the strength of Rule 5, challenges the fine imposed by the subcommittee. Rule 5 provides in full:
*738 When a fine is designated as an available sanction for a violation of section 16221 to 16226 of the code, MCL 333.16221 to 333.16226, in the course of assessing a fine, the disciplinary subcommittee shall take into consideration the following factors without limitation:
(a) The extent to which the licensee obtained financial benefit from any conduct comprising part of the violation found by the disciplinary subcommittee.
(b) The willfulness of the conduct found to be part of the violation determined by the disciplinary subcommittee.
(c) The public harm, actual or potential, caused by the violation found by the disciplinary subcommittee.
(d) The cost incurred in investigating and proceeding against the licensee. [ Rule 338.7005 (emphasis added).]
Butler argues that the subcommittee failed to apply Rule 5 in assessing the $500 fine, thereby acting unlawfully, beyond the scope of its powers, without any supporting evidence, and in violation of Butler's due-process rights. Butler posits that if the Rule 5 factors are weighed, there is no basis for any fine. LARA argues that it must be presumed that the subcommittee weighed the factors in Rule 5 in the course *739 of assessing the fine and that, in light of the factors, the *468 $500 fine was justified under the facts of the case. LARA accurately points out that the subcommittee was generally authorized to impose a fine of up to $250,000 for the violation of MCL 333.16221(b)(x ). See MCL 333.16226(3).
First, as indicated, MCL 333.16226(1) and MCL 333.16237(4) mandate a sanction for a violation of MCL 333.16221, so the subcommittee had no choice but to impose a sanction on Butler, and it chose to fine her, which was an available sanction under MCL 333.16226(1) for the two particular violations at issue. Accordingly, given the subcommittee's election to impose a fine and no other sanction, Rule 5, an administrative rule, did not allow the subcommittee to entirely forgo a fine, as Butler suggests, because this would offend the mandatory-sanction language in the statutes. Therefore, the factors in Rule 5 must be weighed for purposes of determining the amount of the fine and not whether the fine should have been imposed in the first place. Even outside the circumstances of this case in which the $500 fine was the only sanction that was imposed, the plain language of Rule 5 reveals that it is meant to be analyzed merely in regard to setting the amount of a fine and that the fine must be more than $0. Specifically, Rule 5 directs a subcommittee to consider the Rule 5 factors "in the course of assessing a fine" when "a fine is designated as an available sanction."[3] The language, "in the course of assessing a fine," indicates or reflects that an underlying decision to impose a fine in some amount has already been made *469 by the relevant subcommittee, leaving only a determination regarding the amount of the fine.
In the instant case, the final order issued by the subcommittee contained no indication that the subcommittee examined and weighed the factors in Rule 5 in settling on the fine of $500, and we are in no position to presume that the subcommittee engaged in the required analysis. Moreover, we, as an appellate court, cannot act in place of the subcommittee and do our own independent examination and analysis in the first instance. Because the subcommittee apparently did not take into consideration the factors in Rule 5 in the course of assessing the fine, as the rule requires, the imposition of the $500 fine prejudiced Butler's substantial rights because the ruling was made on unlawful procedure and contrary to law. Const. 1963, art. 6, § 28 ; MCL 333.16226(2). Accordingly, while we affirm the subcommittee's ruling that Butler violated MCL 333.16221(b)(x ) and (f) as alleged, we vacate the $500 fine imposed by the subcommittee and remand for proceedings under Rule 5 consistent with our interpretation of the rule.
Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.
M. J. KELLY and SWARTZLE, JJ., concurred with MURPHY, P.J.

The Department of Licensing and Regulatory Affairs (LARA). MCL 333.16104(3).

MCL 333.16221(f) refers to a notification failure under either MCL 333.16222(3) or (4). MCL 333.16222(4) addresses licensing actions taken in another state and was implicated in this case.

The rules of statutory interpretation apply equally to the construction of administrative rules, and thus the interpretation of a rule is "governed by its plain language." Danse Corp. v. City of Madison Hts. , 466 Mich. 175, 184, 644 N.W.2d 721 (2002).