*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re KAREN LIND BUTLER, M.D.

---

BUREAU OF PROFESSIONAL LICENSING,

      Petitioner-Appellee,

v

KAREN LIND BUTLER, M.D.,

      Respondent-Appellant.

UNPUBLISHED
March 19, 2019

No. 342653
Board of Medicine
LC No. 15-061678

---

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

The Michigan Board of Medicine Disciplinary Subcommittee issued a final order fining respondent $500 as a result of violations of MCL 333.16221(b)(*x*) ("[f]inal adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of . . . a license . . . regulated by another state") and MCL 333.16221(f) (failure to notify department of disciplinary action taken by another state against licensee within 30 days of action)[1] of the Public Health Code (PHC), MCL 333.1101 *et seq.* Respondent appealed as of right, and this Court affirmed the PHC violation determination, but vacated the fine and remanded the matter to the disciplinary subcommittee for consideration of the factors set out in Mich Admin Code, R 338.7005 (Rule 5).[2] *In re Butler*, 322 Mich App 460, 467; 915 NW2d 734

---

[1] MCL 333.16221(f) refers to a notification failure under either MCL 333.16222(3) or (4). MCL 333.16222(4) addresses licensing actions taken in another state and was implicated in this case.

[2] Michigan's Department of Licensing and Regulatory Affairs recently rescinded R 338.7005 effective January 7, 2019. See 2019 MR 1. The rescission of R 338.7005 does not affect our ruling in this case because MCL 24.231(4) provides that the rescission of a valid rule does not affect a penalty incurred under the rule.

(2017). On remand, the disciplinary subcommittee issued a written order on February 12, 2018, once again assessing respondent a $500 fine, which respondent appeals as of right. We affirm.

This Court reviews a final order in disciplinary cases under the PHC as outlined in the Michigan Constitution, Const 1963, art 6, § 28:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

See *Dep't of Community Health v Risch*, 274 Mich App 365, 371; 733 NW2d 403 (2007).

"When reviewing whether an agency's decision was supported by competent, material, and substantial evidence on the whole record, a court must review the entire record and not just the portions supporting the agency's findings." *Id*. at 372 (citation omitted). Evidence is substantial if a reasonable mind would accept it as "sufficient to support a conclusion." *Id*. Substantial evidence requires "more than a scintilla of evidence," but "may be substantially less than preponderance." *Id*. (quotation marks and citation omitted).

When a disciplinary subcommittee finds the existence of one or more of the grounds set forth in MCL 333.16221, the subcommittee "*shall* impose" a sanction. MCL 333.16226(1) (emphasis added). "Determination of sanctions for violations under this section shall be made by a disciplinary subcommittee." MCL 333.16226(2).

The facts underlying this disciplinary matter were discussed in this Court's previous opinion and need not be restated at length here. Pertinent to the instant appeal, following remand, the disciplinary subcommittee held a public meeting on January 17, 2018. A review of the record reveals that following the Call to Order, Approval of Agenda, and Approval of Minutes of past meetings, staff of the disciplinary subcommittee made a presentation that the minutes summarized as follows:

> [Staff] advised the DSC, as they have been doing in the past, the criteria of Michigan Administrative Code R 338.7005 (Rule 5) must be considered when assessing fines in disciplinary cases. However, the DSC must now explicitly state for the record that they considered Rule 5 when imposing a fine. [January 17, 2018 Meeting Approved Minutes, 2.]

Further review of the minutes of the meeting reflects that the matter concerning respondent was the second licensing action taken up. In voting on this matter, the minutes state:

> MOTION by Szymanski, seconded by Chafty, after consideration of R 338.7005(d), the cost incurred in investigating and proceeding against the licensee, Respondent is fined $500.00 to be paid within 90 days. [*Id*. at 3.]

The record reflects that the motion passed by a unanimous vote.

The record of the second disciplinary subcommittee, held after remand, demonstrates that the subcommittee discussed this Court's directive and made clear on the record that it considered Rule 5 in relation to its review of respondent's case and its determination of the penalty to impose upon her for her PHC violations. The disciplinary subcommittee issued an updated order stating, in relevant part:

> The DSC considered this matter at a regularly scheduled meeting held in Lansing, Michigan on January 17, 2018[,] pursuant to the Court of Appeals order.
>
> IT IS ORDERED that, for the cited violations of the [PHC] and after consideration of Mich Admin Code, R 338.7005, Respondent is FINED $500.00 to be paid to the state of Michigan within 90 days of the effective date of this Order.

It is apparent from the record that the disciplinary subcommittee considered Rule 5 and specified that it imposed respondent's fine to cover the cost incurred in investigating and proceeding against the licensee. We conclude that the subcommittee complied with this Court's directive and all applicable Michigan law.

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford