*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re THOMAS MARK PROSE, M.D.

---

DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, BUREAU OF
PROFESSIONAL LICENSING,

        Petitioner-Appellee,

v

THOMAS MARK PROSE, M.D.,

        Respondent-Appellant.

UNPUBLISHED
August 17, 2023

Nos. 361826
Board of Medicine
Disciplinary Subcommittee
LC No. 21-008480

---

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Respondent, Thomas Mark Prose, M.D., appeals as of right the order of the Board of Medicine Disciplinary Subcommittee (the Board) disciplining respondent for violating MCL 333.16221(b)(*x*). Respondent also challenges the Board's subsequent order denying his request for reconsideration. We affirm.

## I. FACTS

The parties do not dispute the underlying facts of this case. At the times relevant to this case, respondent was the President and Senior Medical Director of General Medicine, PC, a "post-hospitalist" company providing care to patients in long-term care facilities, such as nursing homes. Respondent was licensed to practice medicine in multiple states, and General Medicine, PC provided services in multiple states, including Michigan and Kansas.

In September 2009, respondent and General Medicine, PC entered into a five-year Integrity Agreement with the federal Office of the Inspector General (OIG) of the Department of Health and Human Services to resolve the OIG's allegations that General Medicine, PC had engaged in improper billing practices related to Medicare. The Integrity Agreement required General

Medicine to pay $1,100,000 and comply with training and oversight for their billing practices. On November 13, 2014, the OIG acknowledged that General Medicine, PC had complied with the Integrity Agreement and that the agreement was concluded.

In 2014, the State of Kansas filed a petition seeking disciplinary action against respondent on the basis that he did not report the Integrity Agreement to the Kansas Board when renewing his medical license. Respondent explained that he had not reported the information because he had understood that the Integrity Agreement was relevant only to General Medicine, PC and not to his personal medical license. The Kansas Board found that respondent was subject to disciplinary action; it suspended respondent's medical license for 30 days and imposed fines and costs. The Kansas Supreme Court thereafter denied respondent's petition for review.

Respondent disclosed the Kansas Board's final order imposing the disciplinary action to Michigan and the other states where he was licensed to practice medicine, resulting in disciplinary actions in New Mexico and Colorado. Michigan's Bureau of Professional Licensing filed an administrative complaint against respondent alleging that the disciplinary action by the Kansas Board constituted a "final adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of, or an applicant for, a license or registration regulated by another state or a territory of the United States, in violation of MCL 333.16221(b)(x)."

A hearing on the complaint was held before an administrative law judge (ALJ) who issued a Proposal for Decision recommending that the Board of Medicine Disciplinary Subcommittee find that the final order of the Kansas Board constituted a final adverse administrative action in violation of MCL 333.16221(b)(*x*). Respondent timely filed Exceptions to the Proposal for Decision. The Board issued its Final Order accepting the findings of fact and conclusions of law of the ALJ's Proposal for Decision and imposing a fine of $1,000. Respondent requested reconsideration, which the Board denied, finding that respondent had failed to demonstrate a material error in the Final Order. Respondent now appeals.

## II. DISCUSSION

This Court's review of a ruling by a disciplinary subcommittee of regulated professionals is governed solely by Const 1963, art 6, § 28. *In re Sangster*, 340 Mich App 60, 66; 985 NW2d 245 (2022). Const 1963, art 6, § 28 provides, in relevant part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . .

Under Const 1963, art 6, § 28, an agency decision is not authorized by law when it violates a statute or constitutional provision, exceeds the authority or jurisdiction of the agency, relies upon unlawful procedure that is materially prejudicial, or is arbitrary and capricious. *Sangster*, 340

-2-

Mich App at 67-68, citing *Northwestern Nat'l Cas Co v Comm'r of Ins*, 231 Mich App 483, 488; 586 NW2d 563 (1998). When determining whether an agency's decision is "supported by competent, material, and substantial evidence on the whole record," this Court is obligated to consider the entire record, not just the portions of the record supporting the agency's decision. *Bureau of Prof Licensing v Butler*, 322 Mich App 460, 464; 915 NW2d 734 (2017). "Substantial evidence" is "evidence that a reasonable person would accept as sufficient to support a conclusion," which requires more than a scintilla of evidence, but less than a preponderance. *Sangster*, 340 Mich App at 67.

Respondent contends that the Board's Final Order and denial of reconsideration are not supported by substantial evidence on the entire record, and that the Final Order is arbitrary and contrary to law because neither the ALJ nor the Board specifically found that the Kansas disciplinary decision was a "personal disqualification" under MCL 333.16221(b)(*x*). Respondent further argues that the record does not support a finding of "personal disqualification" under MCL 333.16221(b)(*x*). We disagree.

The Administrative Complaint alleged that respondent had violated MCL 333.16221(b)(*x*), which provides, in relevant part:

> The disciplinary subcommittee shall proceed under [MCL 333.16226] if it finds that 1 or more of the following grounds exist:
>
> * * *
>
> (b) Personal disqualifications, consisting of 1 or more of the following:
>
> * * *
>
> (*x*) Final adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of, or an applicant for, a license or registration regulated by another state or a territory of the United States, by the United States military, by the federal government, or by another country. A certified copy of the record of the board is conclusive evidence of the final action.

Under MCL 333.16221(b)(*x*), a final adverse administrative action by a disciplinary board involving the holder of a license regulated by another state is a "personal disqualification." If a personal disqualification is found by the disciplinary subcommittee, the subcommittee is required to proceed under MCL 333.16226. MCL 333.16226 provides that upon finding the existence of 1 or more grounds under MCL 333.16221, the disciplinary subcommittee shall impose a sanction as provided in that section. *Butler*, 322 Mich App at 468.

Similarly, MCL 333.16237(4) provides, in relevant part:

> If a disciplinary subcommittee finds that a preponderance of the evidence supports the recommended findings of fact and conclusions of law of the hearings examiner indicating that grounds exist for disciplinary action, the disciplinary subcommittee shall impose an appropriate sanction under any combination of this article, article 7, or article 8. . . .

Thus, under MCL 333.16237(4), the Board of Medicine Disciplinary Subcommittee is required to impose a sanction if it finds that a preponderance of the evidence supports the ALJ's recommended findings of fact and conclusions of law that grounds exist for disciplinary action. See *Butler*, 322 Mich App at 468.

In this case, in the Proposal for Decision the ALJ stated her findings of fact, including the following:

8. On September 2, 2009, Respondent and General Medicine, P.C., entered into an Integrity Agreement with the Office of Inspector General (OIG) of the Department of Health and Human Services based on billing issues related to Medicare. . . .

* * *

10. On July 17, 2014, the State of Kansas filed a Petition requesting disciplinary action against Respondent's Kansas medical license and an administrative hearing was held on the matter on July 8, 2015. . . .

11. On September 30. 2015, the presiding hearing officer issued an Initial Order which was filed with the Kansas Board on October 1, 2015. The Initial Order found in part that Respondent failed to disclose the Integrity Agreement entered into with the OIG in September 2009 to the Kansas Board. The Initial order imposed a 30-day license suspension, a $2,499.00 fine, and assessed the costs of the proceedings against Respondent[] in an amount to be determined.

12. Respondent maintained that he did not report the Integrity Agreement to the Kansas Board when renewing his application for licensure because he believed the agreement was not addressing his personal licensure, but rather was directed to General Medicine, PC. . . .

* * *

14. On January 11, 2016, the Kansas Board of Healing Arts issued a Final Order against Respondent's medical license for failing to notify the Kansas Board of the existence of the 2009 Integrity Agreement on his license renewal application. The Kansas Board imposed sanctions against Respondent, including a thirty (30) day suspension of Respondent's license to practice medicine . . . , a fine in the amount of $2,499.00, and assessment of costs in the amount of $6,464.35. . . .

* * *

17. On January 12, 2018, the Kansas Court of Appeals issued an opinion affirming the Kansas Board's Final Order. . . .

18. Respondent filed a Petition to Review the Final Order of Discipline entered by the Kansas Board, which was denied by the Kansas Supreme Court on August 30, 2018. . . .

The ALJ's analysis and conclusions of law included, in relevant part:

> Under Count I of the Complaint, Petitioner alleges that the action taken by the Kansas Board constitutes a final adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of, or an applicant for, a license or registration regulated by another state or a territory of the United States in violation of MCL 333.16221(b)(x).

> Pursuant to [] Section 16221(b)(x) of the Code, a certified copy of the record of the Board is conclusive evidence of the final action. Here, Petitioner presented a certified copy of the Kansas Board's Final Order issued on January 11, 2016 against Respondent's medical license. . . . It is also noted that the Kansas Court of Appeals affirmed the Final Order and the Supreme Court denied review. Thus, the Kansas Final Order is considered a final adverse action which is in violation of Section 16221(b)(x) of the Code.

> In Respondent's written closing statement, Respondent concedes that the Final Order issued by the Kansas Board in 2016 constituted a final adverse administrative action taken by another state against Respondent's license. . . .

The ALJ then stated the proposed decision as follows:

> Based on the above Findings of Fact and Conclusions of Law, the undersigned Administrative Law Judge proposes the Disciplinary Subcommittee of the Board of Medicine find that Respondent violated MCL 333.16221(b)(x).

> The ALJ recommends the Board of Medicine adopt the above Findings of Fact and Conclusions of Law and take any action it deems appropriate.

The Board accepted the ALJ's findings of fact and conclusions of the law in the Proposal for Decision.

Respondent argues that the ALJ and the Board failed to find a personal disqualification under MCL 333.16221(b)(*x*). The ALJ, however, clearly found that the action taken by the Kansas Board constituted a final adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of, or an applicant for, a license or registration regulated by another state or a territory of the United States in violation of MCL 333.16221(b)(*x*). Under MCL 333.16221(b)(*x*), a "final adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of, or an applicant for, a license or registration regulated by another state or a territory of the United States, by the United States military, by the federal government, or by another country" is a personal disqualification that requires the disciplinary subcommittee to proceed under MCL 333.16226 to impose sanctions. Having found that the action taken by the Kansas Board constituted a final adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of, or an applicant for a license or registration regulated by another state, the ALJ thereby made the requisite finding of a personal disqualification under MCL 333.16221(b)(*x*).

Respondent also argues that the ALJ and the Board failed to find under MCL 333.16237(4) that a preponderance of the evidence demonstrated that grounds for discipline existed. The ALJ's Proposal for Decision states under the heading Analysis and Conclusions of Law:

> Petitioner bears the burden of proving, by a preponderance of the evidence, that Respondent violated the Code, as alleged in the Complaint. A 'preponderance of evidence' has been defined by Michigan courts as: "proof by a preponderance of the evidence requires that the fact finder believe that the evidence supporting the existence of the contested fact[s] outweighs the evidence supporting its nonexistence." *Blue Cross and Blue Shield of Michigan v Milliken*, 422 Mich 1; 367 NW2d 1 (1985). A "preponderance of evidence" is best described as having the greatest weight.

After stating the analysis and conclusions of law, the ALJ's Proposal for Decision states "[a]ccordingly, and based on a preponderance of the evidence presented, the Administrative Law Judge concludes the Petitioner has established that Respondent violated MCL 333.16221(b)(x)." The Board accepted the ALJ's conclusions of law contained in the Proposal for Decision. Respondent's argument that the Final Order fails to make the requisite findings therefore is without merit.

Moreover, respondent does not dispute that he received a final adverse administrative action by a disciplinary board in Kansas regarding his Kansas medical license, which is consistent with the findings of fact and conclusions of law contained in the ALJ's Proposal for Decision. Under MCL 333.16221(b)(*x*), the Kansas disciplinary action constitutes a "personal disqualification." Having found that a personal disqualification had been established under MCL 333.16221(b)(*x*), the Board was required by MCL 333.16226 to impose a sanction provided in that section. See *Butler*, 322 Mich App at 468. The Board's Final Order therefore was authorized by law and supported by competent, material, and substantial evidence on the whole record.

Respondent also argues that the Kansas disciplinary decision arose from a "technical mistake" over whether respondent was obligated to disclose the federal Integrity Agreement, and that disciplinary action against him personally in Michigan therefore is contrary to the purpose of MCL 333.16221(b)(*x*). This argument is without merit. MCL 333.16221(b)(*x*) requires sanctions when there has been "[f]inal adverse administrative action by a licensure, registration, disciplinary, or certification board involving the holder of, or an applicant for, a license or registration regulated by another state. . . ." The statute does not inquire as to the merits of the final adverse administrative action in the other jurisdiction. Respondent's argument that he was justified in failing to disclose the Integrity Agreement in Kansas is more properly addressed to the Kansas Board. Michigan is not penalizing respondent for failing to disclose the Integrity Agreement; it is penalizing him because he was disciplined by Kansas, and such penalty is required under MCL 333.16221(b)(*x*) whenever a person subject to licensure is disciplined in another jurisdiction.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle