### KLANOWSKY v. COLTON.

1. Appeal and Error—Briefs—Compliance With Court Rules.
   Appellant's brief which does not contain a statement of questions involved as required by Court Rule No. 67 (1933) is stricken from the files.

2. Vendor and Purchaser—Contracts—Conspiracy—Equity.
   Bill to establish liability on part of land contract vendors for their breach of alleged oral contract to discontinue summary proceedings against plaintiff, an assignee of vendees, and his assignees, providing plaintiff would assign his interest to his assignees in return for their agreement to pay his note at a bank, on ground of alleged conspiracy between defendants to withhold payments whereby plaintiff's note was not paid and vendors recovered possession *held,* properly dismissed for want of showing of right to equitable relief.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 18, 1935. (Docket No. 116, Calendar No. 38,625.) Decided January 6, 1936.

Bill by Otto C. Klanowsky against Arthur Colton and wife and Otto Kraft and wife for an injunction, to declare certain proceedings before a circuit court commissioner null and void, to set aside an agreement, for an accounting and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Harry J. Lippman,* for plaintiff.

*Sempliner, Dewey, Stanton & Honigman (A. E. Smith,* of counsel), for defendants Colton.

BUTZEL, J. The brief of appellant does not contain a statement of questions involved as required by Court Rule No. 67 (1933) and will be stricken from the files. *Bruce* v. *Henry Ford Hospital,* 254 Mich. 394.

The bill of complaint is also so indefinite as to facts that it is difficult to determine the gravamen of plaintiff's complaint. We, however, detail such facts as we can glean from the bill of complaint.

Prior to May 7, 1928, defendants Colton sold an incumbered apartment building on land contract to Smith and wife, who in turn sold on second contract to Roehl, Klano and wife; Roehl assigned his interest to Klano and wife, who in turn assigned to plaintiff Klanowsky. Just what became of the first contract to Smith is not shown by the record. On May 7, 1928, Klanowsky sold to Kraft and wife on third contract covering not only the property, but also all furniture and equipment on the premises with certain exceptions. The Krafts made a down payment of $34,820 and agreed to pay the contract balance of $85,180 in monthly installments of $750 each, to be applied first on interest and the balance on principal. On June 29, 1931, there was a balance due of $75,623. Payments for the three preceding months had been made by the Krafts direct to the Coltons. In the latter part of 1931, the Coltons began summary proceedings before a circuit court commissioner for possession of the premises. Plaintiff alleges that the Coltons verbally agreed to discontinue the proceedings providing plaintiff would assign his interest in the contract and furniture to the Krafts and in consideration of which they would obtain from the Krafts an agreement to pay plaintiff's outstanding note of

$2,900 held by the Peoples Wayne County Bank. Plaintiff attaches to his bill of complaint the agreement, marked Exhibit B, which is as follows:

"This agreement made and entered into this 30th day of December, A. D. 1931, by and between Otto Klanowsky, hereinafter known as first party, and Otto Kraft and his wife, hereinafter known as second parties;

"In consideration of the said second parties paying off a note at the Peoples Wayne County Bank in the sum of approximately $2,893.23 dollars on which the first party is the maker, the said first party agrees, and does hereby, sell, assign and transfer any and all interests that he has in and to an apartment building and the furniture therein contained, which he purchased on a land contract, and which is located at 1470 Field avenue, Detroit, Michigan, and does here and now quitclaim any and all interest that he has in the same to the said second parties;

"That said second parties agree to pay the above mentioned note for said first party, and do further agree that the said first party can remain in the premises up to and until Feb. 15, 1932, at which time he will deliver up possession to said second parties.

"Otto Klanowsky, First Party,
"Otto Kraft, Second Party,
"Anna H. Kraft, Second Party."

Plaintiff further alleges that the Coltons did not discontinue the summary proceedings but it is not shown how plaintiff was harmed thereby, as Exhibit B had been entered into and the Krafts thus became possessed of plaintiff's interest. Plaintiff further alleges that a number of years later the Coltons brought summary proceedings against the Krafts and on July 22, 1934, recovered possession of the premises; that the Coltons paid defendants Kraft the sum of $1,000 for the furniture and equip-

ment of the building. Plaintiff further claims that the Krafts did not fulfill their obligations in Exhibit B and did not pay the $2,900 to the bank; that he lost his rights in the premises through a conspiracy between the Coltons and the Krafts by which the latter withheld payments from the former and thus created a default in the contract, resulting in the loss of plaintiff's rights.

Defendants moved to quash for many reasons, but stressed the fact that, at the most, plaintiff's cause of complaint was the Krafts' failure to pay the note at the bank, in accordance with Exhibit B, an instrument to which the Coltons were neither parties nor guarantors. There is a total failure to show any liability on the part of the Coltons on Exhibit B or if the default was not excused, why plaintiff could not have brought an appropriate action at law against the Krafts. Plaintiff further claims that the Krafts defaulted in paying plaintiff's obligation to the Coltons because of a conspiracy between the Krafts and Coltons. Even if such were the case, it could not have deprived plaintiff of his right to make payments in accordance with his obligations and then proceed against the Krafts. We need not dwell upon the other defenses. The trial court, without making any findings, dismissed the bill of complaint on motion of defendants.

At most the bill of complaint seeks to hold the Coltons liable on Exhibit B to which they were not parties or guarantors in writing, if at all. The charges of conspiracy are so vague and uncertain that they fail to show that plaintiff is entitled to any equitable relief. It is doubtful even whether he would have an action at law though it is unnecessary for us to pass upon this question in the present proceedings.

The order dismissing the bill is affirmed, with costs to the defendants.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.