McBRIDE v PONTIAC SCHOOL DISTRICT (ON REMAND)

Docket Nos. 181385, 181410. Submitted December 13, 1995, at Detroit. Decided August 2, 1996, at 9:05 A.M.

Lynette McBride and others, owners of approximately 190 residential lots in the Pine Lake Subdivision in Oakland County, petitioned the Oakland County Intermediate School Board for the transfer of their property from the Pontiac School District to the Bloomfield Hills School District. The intermediate school board denied the petition. The petitioners appealed to the State Board of Education. Following an administrative hearing, the hearing examiners recommended denial of the petition. The State Board of Education concurred with the examiners' recommendation and denied the transfer petition. The petitioners appealed to the Ingham Circuit Court, and the court, Peter D. Houk, J., reversed the State Board of Education's denial and ordered that the transfer be granted. The State Board of Education and the Pontiac School District appealed to the Court of Appeals, which peremptorily reversed the circuit court's order and reinstated the State Board of Education's decision. Unpublished order of the Court of Appeals, entered February 6, 1995 (Docket Nos. 181385, 181410). The petitioners appealed and, in lieu of granting leave to appeal, the Supreme Court vacated the orders of the Court of Appeals and remanded the matter to the Court of Appeals for plenary consideration, citing *Irving Parents' & Landowners' Ass'n v State Bd of Ed*, 45 Mich App 387 (1973), and *Rochester Bd of Ed v State Bd of Ed*, 104 Mich App 569 (1981). The Supreme Court also directed the Court of Appeals to permit the parties to supplement their earlier briefs to address the question of the appropriate standard of review to be accorded property transfer cases decided by the State Board of Education. 450 Mich 924 (1995).

On remand, the Court of Appeals *held*:

1. The two cases cited by the Supreme Court did not utilize a proper analytical framework when they determined that property transfer cases are contested case proceedings subject to the relevant provisions of the Administrative Procedures Act. The proceedings before the State Board of Education are not a contested case, and because no hearing is required by statute, judicial review is limited to a determination whether the decision is authorized by

law. If so, the decision may be challenged only on the grounds that it is arbitrary and capricious or an abuse of administrative discretion, in effect, that the administrative agency exceeded its legal authority, acted in some manner ultra vires, violated the constitution, or relied on proscribed considerations in making a discretionary determination. There was no administrative misfeasance here.

2. Even if the circuit court could properly review the State Board of Education's decision regarding a property transfer petition for competent, material, and substantial evidence on the whole record, the decision was supported in this case.

3. The amount of taxes assessed on the petitioners' property compared with the educational services they receive is not a relevant consideration in this case.

4. The circuit court erred in reversing the State Board of Education's denial of the transfer petition.

Reversed.

ADMINISTRATIVE LAW — STATE BOARD OF EDUCATION — SCHOOL DISTRICTS — PETITIONS TO TRANSFER.

Proceedings before the State Board of Education with regard to petitions to transfer real property from one school district to another are not contested case proceedings subject to the Administrative Procedures Act and do not require a hearing; the board may, in its discretion, conduct a hearing to better inform itself before rendering its decision but does not thereby change the proceedings into a contested case; judicial review of the board's decision is limited to a determination whether the decision is authorized by law, and, if so, the decision may be challenged only on grounds that it is arbitrary and capricious or an abuse of administrative discretion (MCL 380.971; MSA 15.4971).

*Lynch, Gallagher, Lynch & Martineau* (by *Richard J. Garcia*), for Lynette McBride and others.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Paul J. Zimmer* and *Jane O. Wilensky*, Assistant Attorneys General, for the State Board of Education.

*Pollard & Albertson, P.C.* (by *Dennis R. Pollard* and *Joseph C. Bennett*), for the Pontiac School District.

ON REMAND

Before: Cᴀᴠᴀɴᴀɢʜ, P.J., and Mɪᴄʜᴀᴇʟ J. Kᴇʟʟʏ and Sᴀᴀᴅ, JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Petitioners are the owners of approximately 190 residential lots in the Pine Lake Subdivision in Oakland County. Petitioners' lands are located within the Pontiac School District, at a point where the Pontiac School District borders the Bloomfield Hills School District.

Pursuant to MCL 380.951; MSA 15.4951, they petitioned the Oakland County Intermediate School Board for transfer of their residential property from the Pontiac School District to the Bloomfield Hills School District. There is no dispute that petitioners meet the relevant threshold criteria making them eligible to petition for such transfer: two-thirds of the property owners joined in the petition, the state equalized value (SEV) of all the property involved is less than ten percent of the total SEV of the Pontiac School District, and the lands are contiguous to the Bloomfield Hills School District.

After the intermediate school board denied their petition, petitioners appealed to the State Board of Education pursuant to MCL 380.971; MSA 15.4971. The State Board of Education then referred the matter to its chairperson, Robert Schiller, and its administrative secretary, Robert G. Harris, for an administrative hearing. Numerous witnesses were presented by both sides.

Petitioners' witnesses focused on the superior quality of the education available in the Bloomfield Hills Public Schools as compared with that offered in the Pontiac Public Schools, measured both by student

achievement test scores and the quantity and availability of programs for gifted students. Those petitioners with children—only fifteen school-age children are at issue—testified that currently all their children attend private schools but, if their petition were granted, ten of those fifteen children would attend public schools in Bloomfield Hills. Petitioners testified that they and their children work, shop, and recreate in the Bloomfield Hills area and other northwest suburbs of Detroit and avoid the City of Pontiac. None of the petitioners even possesses so much as a library card issued by the City of Pontiac, although there seemed to be some dispute about whether such cards are available to them.

Until 1991, there had been an elementary school in the Pontiac School District less than a mile from petitioner's subdivision. It was closed, and now the nearest schools in the Pontiac School District are 4 to 4½ miles away. Petitioners proffered testimony that the nearest Bloomfield Hills School District schools are 1½ to 2 miles away, although a representative of the Pontiac School District contested those distances and averred that the Bloomfield Hills schools are 2½ to 3 miles away.

The hearing examiners noted that, under current policies, the Pontiac School District not only provides school bus service but, if a child misses the bus, whether going to or coming home from school, additional buses provide service for "stranded" children to assure that they can reach school or return home safely.

The evidence also addressed the racial balance in the two school districts. The Pontiac School District consists of about sixty-five percent non-Caucasians,

with more than fifty percent being African-Americans, while the Bloomfield Hills School District is eighty-four percent Caucasian, and less than four percent African-American. The majority of non-Caucasians in the Bloomfield Hills School District are persons of Oriental extraction.

The properties in question have an average SEV of more than $400,000. During the period considered by the State Board of Education's examiners, the average per pupil SEV in the Bloomfield Hills School District was about four times that for students in the Pontiac School District.

Petitioners introduced evidence in support of their claim that the Pontiac School District is operated inefficiently and incompetently, spending more for administration than education than twenty-seven of the other twenty-eight school districts in Oakland County. Plaintiff's witnesses were also critical of the level of parental involvement in the Pontiac School District's schools.

The hearing examiners recommended denial of the petition for several reasons. First, the SEV of petitioners' properties would represent a significant loss to the Pontiac School District. Second, the residents of the area in question are overwhelmingly Caucasian, while the transfer would be from a school district with a large African-American enrollment that is subject to a continuing federal court desegregation order. Third, while the Bloomfield Hills schools are undoubtedly qualitatively superior and granting the transfer would benefit petitioners' children, it would not benefit, and may adversely affect, through loss of substantial revenues, the remaining students in the Pontiac schools.

The examiners determined that the Pontiac School District is ready and able to offer petitioners' children an adequate and well-rounded education. Furthermore, granting the transfer would not improve the boundary line between the two districts. The examiners noted that the socialization problems faced by petitioners' children are caused, not by the location of their property in the Pontiac School District, but, rather, by factors such as work, day-care schedules, and the involvement of the children in activities and attendance related to their private schools.

The examiners asserted that petitioners' claimed orientation toward Bloomfield Hills is more of an orientation away from Pontiac. The examiners noted that although petitioners and their children use programs or facilities, recreational and commercial, in the Bloomfield Hills area or eastward, those programs or facilities are not school-related—because the children are not enrolled in the Bloomfield Hills schools—and that, accordingly, those services will still be available if the transfer is not granted. The examiners found no substantial evidence supporting the claim that, given the distances involved and traffic considerations, it would clearly be safer for the children to attend Bloomfield Hills schools rather than Pontiac schools. Dissatisfaction with the administration of the Pontiac School District was deemed by them a political question, not a property transfer question.

The State Board of Education concurred with the examiners' recommendation and denied the transfer petition. Petitioners then appealed to the Ingham Circuit Court, which reversed and ordered that the transfer petition be granted. The circuit court rejected con-

sideration of desegregation as a factor supporting
denial of the petition, determining as de minimis the
involvement of only 15 children out of a student pop-
ulation of 14,000. The circuit court also was
impressed that petitioners are paying property taxes
on more than $8,000,000 worth of real estate, includ-
ing school taxes, and receiving no educational bene-
fits in exchange. The circuit court also considered it
unquestionably more convenient and safer for the
children to travel the shortest possible distance to
school and remarked that the Pontiac School District
had not made arrangements for the children in ques-
tion to use the Pontiac Public Library system, which
in consequence was thought to explain petitioners'
reliance on the West Bloomfield Township library.

The circuit court noted that petitioners receive
cable television services from the Bloomfield Hills
School District but not the Pontiac School District,
although nothing on the record suggests that either
district can control the offerings of the cable televi-
sion companies serving the area. Finally, the circuit
court noted that, in 1977, the Property Transfer Unit
of the Department of Education prepared a policy
statement indicating that the quality of education
should be a relevant consideration. It accordingly
reversed the decision of the State Board of Education
and ordered that petitioners' petition for transfer of
their property to the Bloomfield Hills School District
be granted.

The State Board of Education sought leave to
appeal to this Court, which peremptorily reversed and
reinstated the State Board of Education's decision in
an order that noted that the proceedings before the
State Board of Education were not a contested case

subject to the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, *Imlay Twp Primary School Dist No 5 v State Bd of Ed*, 359 Mich 478; 102 NW2d 720 (1960), and thus this Court's review was properly limited to determining whether the decision of the State Board of Education was authorized by law, *J & P Market, Inc v Liquor Control Comm*, 199 Mich App 646, 650-651; 502 NW2d 374 (1993). Unpublished order of the Court of Appeals, entered February 6, 1995 (Docket Nos. 181385, 181410). In that peremptory order, this Court went on to find that the State Board of Education's decision to deny the transfer petition was authorized by law and that it was not predicated on any clearly illegal or unconstitutional consideration, thus coming within the State Board of Education's administrative discretion, for which the judiciary could not properly substitute its own contrary evaluation. *Marrs v Bd of Medicine*, 422 Mich 688; 375 NW2d 321 (1985); Const 1963, art 3, § 2. This Court then denied the petitioners' motion for rehearing. Unpublished order of the Court of Appeals, entered April 14, 1995 (Docket Nos. 181385, 181410).

The case now returns to this Court because, on petitioners' further appeal, the Supreme Court, in lieu of granting leave to appeal, vacated this Court's orders and remanded to this Court for plenary consideration, citing *Irving Parents' & Landowners' Ass'n v State Bd of Ed*, 45. Mich App 387; 206 NW2d 503 (1973), and *Rochester Bd of Ed v State Bd of Ed*, 104 Mich App 569; 305 NW2d 541 (1981). The Supreme Court also directed this Court to permit the parties to supplement their earlier briefs to address the question of the appropriate standard of review to be accorded

property transfer cases decided by the State Board of Education. *McBride v Pontiac School Dist*, 450 Mich 927 (1995). On remand, we again reverse the decision of the Ingham Circuit Court and reinstate the decision of the State Board of Education. Pursuant to MCR 7.214(E), we dispense with oral argument.[1]

We turn our attention first to the two cases cited in the Supreme Court's order, *Irving Parents' & Landowners' Ass'n v State Bd of Ed, supra,* and *Rochester Bd of Ed v State Bd of Ed, supra,* upon which petitioners rely in their supplemental brief. Both decisions hold that property transfer cases are contested case proceedings subject to the relevant provisions of the APA. Neither decision, however, utilized a proper analytical framework, as required by *J & P Market, Inc, supra,* which supersedes those earlier decisions to the extent of any conflict, Administrative Order No. 1994-4. That framework involves first determining whether any statute requires an evidentiary hearing. *J & P Market, Inc, supra* at 650; *Whispering Pines AFC, Home, Inc v Dep't of Treasury,* 212 Mich App 545, 552; 538 NW2d 452 (1995). In both the *Irving Parents'* and *Rochester Bd of Ed* cases, this Court simply assumed that, because some evidentiary pro-

---

[1] Previously, we granted petitioners' motion to strike respondents' supplemental brief on remand. Respondents moved for reconsideration, and we now conclude that the filing of a "brief on appeal" accurately reflected the Supreme Court's intent when it remanded for "plenary consideration," although the issues therein addressed are nonetheless properly before us pursuant to the ancillary terms of the order of remand and, stricken or not, we have discretion to use the brief for whatever assistance it offers us in fulfilling our adjudicative task. *Klanowsky v Colton,* 274 Mich 114; 264 NW 311 (1936). We deny respondents' motion to strike petitioners' brief as nonconforming, preferring, as the next school year approaches, to decide the case on the merits and cut the Gordian knot of procedural wrangling. MCR 1.105.

ceedings were conducted, the contested case provisions of the APA must apply. Such reasoning is erroneous; the statute grants the State Board of Education discretion to conduct such hearings as it deems necessary. No statute requires a hearing, and merely because the State Board of Education has chosen to better inform itself before rendering a decision does not change these proceedings into a contested case. *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 153; 532 NW2d 899 (1995).

Accordingly, the proceedings before the State Board of Education not being a contested case, and no hearing being required by statute, in accordance with *J & P Market, Inc, supra,* judicial review is limited to a determination whether the decision is authorized by law, and, if so authorized, the decision may be challenged only on grounds that it is arbitrary and capricious or an abuse of administrative discretion, in effect, that the administrative agency exceeded its legal authority, acted in some manner ultra vires, violated the constitution, or relied on proscribed considerations in making a discretionary determination. *J & P Market, Inc, supra.* No such determinations of administrative misfeasance can be viably made on this record.

Alternatively, even if the circuit court could properly review the State Board of Education's decision on a property transfer petition for "competent, material and substantial evidence on the whole record," Const 1963, art 6, § 28, the facts in evidence did not so clearly predominate in favor of petitioners as to warrant judicial interference. No claim is made that the evidence on either side was incompetent, that is, inadmissible, or that it was not material, i.e., relevant.

With regard to substantiality, "substantial evidence" is that which a reasonable mind would accept as adequate to support a decision. *Dukesherer Farms, Inc v Director of the Dep't of Agriculture,* 172 Mich App 524, 535; 432 NW2d 721 (1988). Substantial evidence is more than a mere scintilla but less than a preponderance of the evidence. *Consumers Power Co v Public Service Comm,* 189 Mich App 151, 187; 472 NW2d 77 (1991). Under this test, it does not matter that the contrary position is supported by more evidence, that is, which way the evidence preponderates, but only whether the position adopted by the agency is supported by evidence from which legitimate and supportable inferences were drawn. *In re Payne,* 444 Mich 679, 692; 514 NW2d 121 (1994); *Arkansas v Oklahoma,* 503 US 91, 113; 112 S Ct 1046; 117 L Ed 2d 239 (1992).

When there is sufficient evidence, a reviewing court may not substitute its discretion for that of the administrative tribunal, even if the court might have reached a different result. *Black v Dep't of Social Services,* 195 Mich App 27, 30; 489 NW2d 493 (1992). Great deference must be given to an agency's choice between two reasonable differing views as a reflection of the exercise of administrative expertise. *Traverse Oil Co v Chairman, Natural Resources Comm,* 153 Mich App 679, 691; 396 NW2d 498 (1986).

Second, the amount of school taxes assessed on petitioner's property in comparison with the educational services received is irrelevant. Of the approximately 190 properties owned by petitioners, there are only fifteen children of school age. It is not the fault of the Pontiac School District, or any school district, that there exists disparity between school taxes paid

and educational benefits received in exchange. The Pontiac School District's schools are open and available to petitioners' children, or those among the petitioners who have children of school age. Petitioners are free to take advantage of those educational services or to opt in favor of private schools. Indeed, at least one-third of the children would remain in private schools even if the property transfer petition were granted.

The board's decision was neither arbitrary nor an abuse of discretion. The circuit court is not permitted to substitute its discretion for that of the administrative agency. *Griffin v Michigan Civil Service Comm*, 134 Mich App 413, 420; 351 NW2d 310 (1984); *Marrs v Bd of Medicine, supra.*

Reversed.

SAAD, J., I concur in the result only.