*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAGROW CONSTRUCTION,

        Petitioner-Appellee,

v

MICHIGAN OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION,

        Respondent-Appellant.

UNPUBLISHED
September 5, 2024

No. 365335
Van Buren Circuit Court
LC No. 2022-072141-AA

Before: SWARTZLE, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Respondent Michigan Occupational Safety and Health Administration (MIOSHA) issued a citation to petitioner for failing to train an employee who died while operating a "bobcat"/skid steer. Following a hearing, an Administrative Law Judge (ALJ) vacated the citation. When MIOSHA appealed that decision, the Board of Health and Safety Compliance and Appeals ("the Board") reinstated the citation. Petitioner appealed to the circuit court, which reversed the Board's decision. We affirm.

In November 2019, William Snyder was working for petitioner, operating a skid steer to remove snow. The pedals on the machine froze, with the bucket on the machine in a raised position. Snyder was told to leave the machine alone, but he attempted to move the pedals to get the bucket to lower. The bucket came down, pinning Snyder, who died as a result of his injuries. MIOSHA investigated and issued a general-duty citation to petitioner for violating the requirement of an employer to provide a workplace free from recognized hazards that could cause death or serious physical harm. Petitioner contested this citation, and a hearing was held in front of an ALJ.

Danielle Letsinger, a MIOSHA investigator, testified that Snyder did not receive the proper training to operate the skid steer, which supported a "general duty" citation being issued. Further, Letsinger found that nobody told Snyder why to leave the skid steer alone. To avoid the citation, petitioner could have trained Snyder and had documentation of the training and any write-ups for failure to follow safety protocol.

-1-

Joseph LaGrow, the owner of LaGrow Construction, testified that he provided training to Snyder on the skid steer, including on safety features like the "lockout" feature and not getting out of the skid steer while the bucket was raised. LaGrow and Clifford Billings worked along with Snyder for three to fourth months. LaGrow never saw Snyder improperly use the skid steer.

Billings, a subcontractor of petitioner, and who was considered a jobsite supervisor when LaGrow was not present, testified that Snyder had operated the skid steer for an average of five to six hours a day in the five months before he died. Billings had never seen Snyder improperly use the skid steer, and a worker standing under a raised bucket of a skid steer would be grounds for removal from a jobsite. Billings explained that there were "safety stickers" on the skid steer warning against leaning out of the machine with the bucket up. On the day of the incident, Snyder informed Billings that the bucket was stuck in the air, and Billings told Snyder that because the bucket was stuck in the air, it was not safe, and Snyder was "done."

The ALJ vacated MIOSHA's citation, finding that a general-duty violation under MCL 408.1101(a) had not been established. The ALJ explained that Letsinger relied on an interview statement that purportedly showed that LaGrow acknowledged having not trained Snyder on the skid steer. Neither Letsinger nor LaGrow had signed the statement, however, nor was it dated, and the ALJ questioned its authenticity. The ALJ found that LaGrow was a credible witness when he testified that Snyder received safety training on the skid steer.

MIOSHA appealed that decision, and the Board reinstated the citation, finding a preponderance of evidence showed that petitioner violated MCL 408.1011(a) by failing to "keep the workplace free of a recognized hazard." The Board found that petitioner failed to document the skid steer training and, therefore, failed to establish that the training occurred or was adequate. The Board did not take any new evidence, relying instead on the record prepared by the ALJ.

Petitioner appealed, and the circuit court reversed the Board's decision, dismissing MIOSHA's citation against petitioner. The circuit court found "that the record, taken as a whole, does not contain competent, material, and substantial evidence to support the Board's view regarding the facts." The circuit court explained that there were "significant problems with Letsinger's evidence," including with her notes that she stated reflected her conversation with LaGrow over the phone. Letsinger could not remember when she prepared the notes, which were not dated or signed by either Letsinger or LaGrow, and it was "unclear whether Letsinger had any independent recollection of the statements she recorded." LaGrow denied that such a phone call occurred. The circuit court explained that LaGrow testified "in detail how he had trained Snyder to operate the skid steer," and the ALJ had found him to be credible. The Board, however, was not in as good of a position to evaluate LaGrow's credibility. The court specifically found that a reasonable fact-finder could not find that Letsinger's testimony "was sufficient to support the conclusion that Snyder did not receive adequate training."

The circuit court additionally addressed whether inconsistencies in reports about who told Snyder to leave the skid steer alone supported the Board's decision to disregard the ALJ's credibility decision. The circuit court found that the statements in the police report were "hearsay within hearsay, which raises significant questions about their accuracy and probative value as substantive evidence." Accordingly, the circuit court concluded that the Board's determination was not supported by competent, material, and substantial evidence.

Respondent now appeals.

"This Court's review of a circuit court's ruling on an appeal from an administrative decision is limited." *Buckley v Prof Plaza Clinic Corp*, 281 Mich App 224, 231; 761 NW2d 284 (2008). "This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *Vanzandt v State Employees Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005). See also *Mich Occupational Safety & Health Admin v Yoder Family Farm*, 343 Mich App 77, 84; 996 NW2d 808 (2022). A factual finding is clearly erroneous if, after review of the entire record, this Court is left with the definite and firm conviction that the trial court made a mistake. *Vanzandt*, 266 Mich App at 585. This Court gives substantial deference to a circuit court's review of an agency's factual findings. *Brang, Inc v Liquor Control Comm*, 320 Mich App 652, 660; 910 NW2d 309 (2017).

For its part, a circuit court's review of the Board's decision "is limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Dignan v Mich Pub Sch Employees Retirement Bd*, 253 Mich App 571, 576; 659 NW2d 629 (2002). "Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (citation omitted). "Evidence is competent, material, and substantial if a reasoning mind would accept it as sufficient to support a conclusion." *Id*. (citation omitted).

We conclude that the circuit court did not reversibly err. First, it was appropriate for the circuit court to consider that the ALJ was in the better position to judge the credibility of witnesses. See *Mich Employment Relations Comm v Detroit Symphony Orchestra, Inc*, 393 Mich 116, 126-127; 223 NW2d 283 (1974); *Shann v Shann*, 293 Mich App 302, 307; 809 NW2d 435 (2011). Although respondent argues that the circuit court "erred to the extent it relied on *Detroit Symphony Orchestra* as mandating the conclusion that an ALJ's findings must be chosen over those of the Board," the circuit court properly noted our Supreme Court's explanation in that case that there is no requirement that an examiner's findings be given more weight than they deserve and that " 'evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's.' " *Detroit Symphony Orchestra*, 393 Mich at 127 (quoting *Universal Camera Corp v NLRB*, 340 US 474, 469; 71 S Ct 456; 95 L Ed 456 (1951)).

In its reply brief, respondent relies on *Hodge v US Sec Associates, Inc*, 497 Mich 189, 195; 859 NW2d 683 (2015), in which our Supreme Court noted that the "ALJ [was] the only adjudicator who actually heard testimony and observed the demeanor of the witnesses while testifying." The Court noted that "lower courts have given deference to the ALJ and the [Michigan Compensation Appellate Commission] by reviewing those decisions only to ensure conformity with the law and the existence of competent, material, and substantial evidence." *Id*. at 196. Respondent argues that the circuit court's role "was to take the Board's final decision at face value and review the record to see if it contained the type of evidence that reasonable minds would accept as sufficient

to support the Board's decision."  The circuit court here, however, specifically acknowledged its limited review, finding that the record did "not contain competent, material, and substantial evidence to support the Board's view regarding the facts," and that a reasonable fact-finder could not find that Letsinger's testimony "was sufficient to support the conclusion that Snyder did not receive adequate training."  See *Lawrence*, 320 Mich App at 431.

Further, as our Supreme Court has explained, a review of an administrative decision "considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency."  *Detroit Symphony Orchestra*, 393 Mich at 124.  The circuit court in this case properly reviewed the whole record, including the ALJ's credibility determinations, to determine whether there was "competent, material, and substantial evidence on the whole record" to support the Board's decision.  *Dignan*, 253 Mich App at 576.

Respondent next relies on *McBride v Pontiac School Dist*, 218 Mich App 113, 123; 553 NW2d 646 (1996), in which this Court explained that, under the substantial-evidence test, "it does not matter that the contrary position is supported by more evidence, that is, which way the evidence preponderates, but only whether the position adopted by the agency is supported by evidence from which legitimate and support inferences were drawn."  Although a few comments by the circuit court could, when read in isolation, suggest a weighing of evidence, our review of the court's analysis as a whole confirms that it did not do so. Instead, the circuit court explicitly determined that the Board's decision was not properly supported by competent, material, and substantial evidence.  For example, the circuit court acknowledged at one point that "some evidence suggested that Snyder had not been trained," but "some evidence" does not mean that "a reasoning mind would accept it as sufficient to support a conclusion."  *Lawrence*, 320 Mich App at 431.  The circuit court explained that Letsinger's notes about her purported conversation with LaGrow were not signed or dated, Letsinger could not remember when she prepared the notes after a phone call with LaGrow, and it was "unclear whether Letsinger had any independent recollection of the statements she recorded."  Letsinger's notes and testimony constituted most of respondent's evidence, and the circuit court found it to be insufficient.

The circuit court additionally found that there was not competent, material, and substantial evidence to support the Board's inference that petitioner's failure to document Snyder's training means that petitioner failed to show that training occurred.  Further, respondent has not pointed to a requirement for such training to be documented.

Our review of the circuit court's holding is limited to whether the circuit court properly applied the correct legal principles and substantial-evidence test.  See *Vanzandt*, 266 Mich App at 585.  After reviewing the record, we are not left with a definite and firm conviction that the circuit court erred in its findings.  See *id*.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young