*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JS BECK RD LLC,

       Plaintiff-Appellee,

v

CHARTER TOWNSHIP OF NORTHVILLE,

       Defendant-Appellant.

FOR PUBLICATION
November 18, 2024
9:36 AM

No. 367958
Wayne Circuit Court
LC No. 22-010176-AA

Before: BORRELLO, P.J., and N. P. HOOD and YOUNG, JJ.

N. P. HOOD, J.

In this zoning case, the Charter Township of Northville (sometimes referred to as the Township) appeals by right the circuit court's order vacating its Planning Commission's denial of a special land use application filed by JS Beck Rd., LLC (Beck) and remanding for further proceedings. On appeal, the Township argues that the circuit court erred because its Planning Commission's decision was supported by competent, material, and substantial evidence. The Township further argues that the circuit court erred by directing its Planning Commission to consider additional evidence proffered by Beck on remand. We conclude that the circuit court correctly vacated the denial of Beck's special land use application because the Planning Commission failed to adequately articulate the basis for its decision as required by the Michigan Zoning Enabling Act, MCL 125.3101 *et seq*. But the circuit court erred by directing the Planning Commission to consider additional evidence on remand because Beck failed to present the evidence before the Planning Commission before asking the circuit court to consider it. We therefore affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

This case arises from Beck's attempt to build and operate a childcare and education facility named Premier Academy near the intersection of Six Mile Rd. and Beck Rd. in the Charter Township of Northville, Michigan. The proposed development site was zoned for single-family residential homes. And the parties appear to agree that the intersection of Six Mile Rd. and Beck Rd. was one of the busier intersections in the Township.

Beck petitioned the Planning Commission for a special land use under Township of Northville Ordinances, § 170-30.4.[1] Beck presented multiple iterations of development site plans in support of its special land use application. Beck also proffered a traffic impact study authored by its consultant who concluded that, even with the Premier Academy development, traffic at the intersection of Six Mile Rd. and Beck Rd. would remain acceptable with effective traffic signal manipulation during the afternoon rush hour. Beck maintained that Wayne County accepted its recommendations for optimizing the traffic signal at Six Mile Rd. and Beck Rd. In other words, Wayne County agreed to manipulate the traffic signal at the intersection to reduce traffic.

The Planning Commission held public hearings regarding Beck's special land use application in March 2022 and July 2022. During the latter hearing, Beck's representatives advocated in favor of the special land use application, and the Township Planner advocated against the special land use application. Some residents expressed approval for an additional childcare facility in the area, and other residents expressed concerns regarding the Premier Academy development's potential detrimental impact on traffic and nearby homes. The Planning Commission ultimately denied Beck's special land use application. In doing so, its individual members expressed concerns regarding the Premier Academy development's incompatibility with adjacent land uses, incompatibility with the Township's master plan, and adverse impact on nearby traffic. But, none of its individual commissioners made findings or conclusions about whether or to what degree Beck's complied with the standards for a special land use. And the Planning Commission never incorporated its members' individual concerns in a statement of findings or conclusions stating the basis for its denial of Beck's special land use application.

In August 2023, Beck filed a circuit court complaint and claim of appeal naming the Township as the defendant and alleging that the Planning Commission erroneously denied its special land use application.[2] Beck claimed that it demonstrated that the Premier Academy development met the standards set forth in Township of Northville Ordinances, § 170-30.4 such that the Planning Commission should have granted its special land use application. Beck argued that remand was warranted, and on remand, it should be permitted to introduce a report authored by its Community Planning Consultant—Christopher Doozan—along with additional evidence demonstrating that Wayne County accepted its proposal to optimize the traffic signal near the Premier Academy development in order to reduce its traffic impact. Beck attached Doozan's report and a series of correspondence with Wayne County personnel as additional evidence in support of its appellate brief.

In September 2023, the Township filed its appellate brief in relation to the Planning Commission's denial of Beck's special land use application. It argued that MCR 7.122(G)(2) governed circuit court zoning appeals and provided that the circuit court was required to determine whether the Planning Commission's denial of Beck's special land use application was authorized

---

[1] As described below, Township of Northville Ordinances, § 170-30.4 provides the mechanism for granting a special land use after consideration of six criteria.

[2] Though fashioned as a complaint, Beck's suit was essentially an appeal of the Planning Commission's denial of its special land use application. The other individual claims raised in the complaint are not relevant to our disposal of this appeal.

by law and whether the Planning Commission's findings were supported by competent, material, and substantial evidence. The Township maintained that the Planning Commission's denial of Beck's special land use application was authorized by law because, under Township of Northville Ordinances, § 170-30.1, it had discretion deny the application, approve the application, or approve the application with conditions. It also asserted that the Planning Commission adequately supported its denial of Beck's special land use application by making detailed findings and conclusions based primarily on the Premier Academy development's incompatibility with adjacent land uses, incompatibility with the Township's master plan, and adverse impact on nearby traffic. The Township added that the circuit court should decline to instruct the Planning Commission to consider Beck's additional evidence because the Planning Commission already accounted for an optimized traffic signal near the Premier Academy development, and Beck failed to identify any good reason that Doozan was unable to attend the Planning Commission's public hearing to share his opinions as required by MCL 125.3606(2).

Later that same month, the circuit court vacated the Planning Commission's denial of Beck's special land use application and remanded for further proceedings. It explained its reasoning on the record as follows:

> There was much discussion from the Planning Commission about the adjacent uses issue, they spent a significant amount of time on that. But what concerned me there is, if your argument or if they're entirely relying on adjacent uses and whether the variation or the alteration conflicts with the surrounding uses, there would be no point of a special land use if you're only relying on adjacent uses.

> The special land use is to overcome adjacent uses and what the land uses are already regulated for, so what the Court's focusing on is was there competent[,] material[,] and substantial evidence.

> Under the statute[,] this Court finds the record inadequate to conclude the decision was supported by competent[,] material[,] and substantial evidence under MCL 125.3606. I am reversing and remanding the decision of the Planning Commission and further ordering that they consider the additional material evidence of Mr. Duzen [sic], and issue a Statement of Findings and Conclusions which specify the basis for any denial after consideration of the expert report.

This appeal followed.

## II. STANDARD OF REVIEW

"With respect to this Court's review of the circuit court's examination of agency action, we must determine whether the circuit court applied correct legal principles and whether the circuit court misapprehended or grossly misapplied the substantial-evidence test in relation to the agency's factual findings." *Brang, Inc v Liquor Control Comm*, 320 Mich App 652, 660; 910 NW2d 309 (2017). "This Court gives great deference to a circuit court's review of the factual findings made by an administrative agency, but substantially less deference, if any, is afforded to the circuit court's decisions on matters of law. *Id*. at 660-661.

III. LAW AND ANALYSIS[3]

A. SPECIAL LAND USE APPLICATION

The Planning Commission failed to adequately articulate the basis for its denial of Beck's special land use application as required by Michigan's Zoning Enabling Act. Accordingly, the circuit court correctly vacated the Planning Commission's denial of Beck's special land use application and remanded for further proceedings.

"Municipalities have no inherent power to regulate land use through the enactment of zoning legislation; instead, a local unit of government must be specifically authorized by the Legislature to exercise any zoning authority." *Whitman v Galien Twp*, 288 Mich App 672, 679; 808 NW2d 9 (2010). The Legislature has granted municipalities the power to exercise zoning authority through the Michigan Zoning Enabling Act. See *id*. The Act provides that a municipality "may provide in a zoning ordinance for special land uses in a zoning district . . . subject to the review and approval of the zoning commission, the planning commission, an official charged with administering the zoning ordinance, or the legislative body as required by the zoning ordinance." MCL 125.3502(1). Those entities "may deny, approve, or approve with conditions a request for special land use approval." MCL 125.3502(4). "The decision on a special land use shall be incorporated in a statement of findings and conclusions relative to the special land use which specifies the basis for the decision and any conditions imposed." *Id*.

The Township has exercised its zoning authority by enacting Township of Northville Ordinances, § 170, the purpose of which is to implement the Township master plan "through regulations on use of land, buildings and structures to promote the public health, safety and general welfare." Township of Northville Ordinances, § 170-1.3. Relevant here, the Township permits special land uses, subject to "review procedures and standards [that] are intended to regulate the use of land and site design based on characteristics of a particular use and to prevent adverse impact on adjoining or nearby properties." Township of Northville Ordinances, § 170-30.1. When applying the review procedures and standards, the Planning Commission is authorized to approve a special land use, approve a special land use with conditions, deny a special land use, or postpone action on a special land use application. See Township of Northville Ordinances, § 170-30.2(D). And when reviewing a special land use request, the Planning Commission "shall consider the following standards[:]"

> A. Compatibility with adjacent uses. The proposed special land use shall be designed and constructed in a manner that is harmonious with the character of the adjacent property and the surrounding area. The special land use shall not create a significant detrimental impact, as compared to the impacts of permitted uses.

---

[3] We publish this case to clarify the legal framework applicable to appeals stemming from a municipality's grant or denial of a special land use application. See MCR 7.215(B)(2).

-4-

B.  Compatibility with the Master Plan.  The proposed special land use shall be compatible with and in accordance with the goals and objectives of the Township Master Plan and any associated subarea and corridor plans.

C.  Traffic impact.  The proposed special land use shall be located and designed in a manner that will minimize the impact on traffic, taking into consideration pedestrian access and safety, vehicle trip generation, types of traffic, access location and design, circulation and parking design, street capacity and traffic operations at nearby intersections and access points.

D.  Impact on public services.  The proposed special land use shall be adequately served by essential public facilities and services, such as streets, pedestrian or bicycle facilities, police and fire protection, drainage systems, refuse disposal, water and sewerage facilities, and schools.

E.  Compliance with Zoning Ordinance standards.  The proposed special land use shall be designed, constructed, operated and maintained to meet the intent of the zoning districts, and the site shall be able to comply with all applicable requirements of this chapter.

F.  Impact on the environment.  The proposed special land use shall not unreasonably impact the quality of the natural features and the environment in comparison to the impacts associated with typical permitted uses.

G.  Specific special land use requirements.  The proposed special land use shall comply with any specific requirements relating to a particular use.

H.  The Planning Commission shall also consider the following factors when reviewing a special land use:

(1)  The nature and character of the activities, processes, materials, equipment or conditions of operation typically associated with the use.

(2)  Vehicular circulation and parking areas.

(3)  Outdoor activity, storage and work areas.

(4)  Hours of operation.

(5)  Production of traffic, noise, vibration, smoke, fumes, dust, glare and light.  [Township of Northville Ordinances, § 170-30.4.]

The Township Ordinances do not provide specific procedures for obtaining appellate review of the Planning Commission's decision to approve, deny, or postpone action on a special land use application.  See Township of Northville Ordinances, § 170-30.  In *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195, 200; 550 NW2d 867 (1996), we held that "where a township zoning ordinance does not provide for review of a request for a special land-use permit

by a zoning board of appeals, the township board's decision is final and subject to appellate review by the circuit court pursuant to Const 1963, art 6, § 28."

Article 6, § 28 of the Michigan Constitution states, in relevant part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. [Const 1963, art 6, § 28.]

Put simply, under Const 1963, art 6, § 28, the circuit court was required to determine whether the Planning Commission's decision was authorized by law and whether its findings were supported by competent, material, and substantial evidence on the whole record. See *Fonda Island & Briggs Lake Joint Water Auth v Green Oak Twp*, unpublished per curiam opinion of the Court of Appeals, issued January 4, 2005 (Docket Nos. 248592 and 248621), p 8.[4]

A decision is "authorized by law" if it is "allowed, permitted, or empowered by law." *Northwestern Nat Cas Co v Ins Comm'r*, 231 Mich App 483, 488; 586 NW2d 563 (1998). It follows, then, that an agency's decision is not authorized by law if it violates a statute or constitution, exceeds an agency's statutory authority or jurisdiction, is made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious. *Id*.

Substantial evidence "is that which a reasonable mind would accept as adequate to support a decision." *McBride v Pontiac Sch Dist*, 218 Mich App 113, 123; 553 NW2d 646 (1996). It "is more than a mere scintilla but less than a preponderance of the evidence." *Id*. "Under the substantial-evidence test, the circuit court's review is not de novo and the [circuit] court is not permitted to draw its own conclusions from the evidence presented to the administrative body." *Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 341; 810 NW2d 621 (2011). Instead, the circuit court "must give deference to an agency's findings of fact." *Id*. "When there is substantial evidence, a reviewing court must not substitute its discretion for that of the administrative tribunal even if the court might have reached a different result." *Id*. "A court may not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record." *Id*.

In *Lakeview Vineyards, LLC v Oronoko Charter Twp*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2024 (Docket No. 364347), we held that the Oronoko Charter Township Planning Commission failed to comply with MCL 125.3502(4) because it did not incorporate a statement of findings or conclusions specifying the basis for imposing special

---

[4] Although unpublished opinions do not have precedential value, we may nonetheless consider such opinions for their instructive or persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

land use conditions on the applicant's winery. There, the plaintiffs, a vineyard/winery and its CEO, sought a special land use to add a tasting room to its existing winery. *Id*. at 1. The planning commission granted the plaintiffs' special land use application with a list of conditions, including restrictions on the hours of operation and permitted noise. *Id*. The plaintiffs appealed, and the circuit court struck the planning commission's special land use conditions because it failed to incorporate a statement of findings or conclusions as required by MCL 125.3502(4). *Lakeview Vineyards, LLC*, unpub op at 2. The Oronoko Charter Township appealed, and we affirmed. *Id*. at 7. We explained, in relevant part, as follows:

> In this case, the planning commission merely stated that Lakeview "adequately answered the questions," "completed the application . . . and paid all fees." Therefore, the planning commission did not make any factual findings underlying its determination that the ordinance was satisfied . . . During the meetings involving the special land-use request, there were discussions regarding why sound and hour conditions should be implemented; however, those discussions consisted of statements made by individuals, not the board as a whole. For example, although noise complaints were mentioned, no specific instances, nor comprehensive data, were introduced on the record to support the sound conditions. Therefore, because the planning commission did not incorporate a statement of findings or conclusions specifying the basis for the conditions imposed, it did not comply with MCL 125.3502(4). [*Lakeview Vineyards, LLC*, unpub op at 4.]

Here, the Planning Commission failed to adequately articulate the basis for its denial of Beck's special land use application as required by MCL 125.3502(4). MCL 125.3502(4) states that a planning commission's decision on a special land use application *shall be* incorporated in a statement of findings or conclusions. During the Planning Commission meetings, the commissioners individually expressed concerns regarding the Premier Academy development's incompatibility with adjacent land uses, incompatibility with the Township's master plan, and adverse impact on nearby traffic. Yet, none of the individual commissioners made findings. And the Planning Commission never incorporated its members' individual concerns in a statement of findings or conclusions specifying the basis for its denial of Beck's special land use application. As we similarly concluded in *Lakeview Vineyards, LLC*, the Planning Commission failed to comply with MCL 125.3502(4). Therefore, the circuit court did not misapply legal principles or otherwise misapply the substantial-evidence test by vacating the Planning Commission's denial of Beck's special land use application and remanding for further proceedings before the Planning Commission.[5]

## B. ADDITIONAL EVIDENCE ON REMAND

---

[5] Because we resolve this issue based on the Planning Commission's failure to comply with MCL 125.3502(4), and because the circuit court did not reach the issue, we decline to address whether MCL 125.3504(3) otherwise required the Planning Commission to grant Beck's special land use application.

The circuit court misapplied legal principles by directing the Planning Commission to consider Doozan's report on remand. It erred in two ways. First, the statute under which the circuit court required the Planning Commission to consider Doozan's report, MCL 125.3606(2), does not apply to an appeal of a planning commission's special land use decision. It only applies to an appeal involving a decision of a zoning board of appeals. See *id*. Second, Beck failed to present Doozan's report as evidence before the Planning Commission. The circuit court therefore should not have considered the report in determining whether the Planning Commission's decision was authorized by law and whether its findings were supported by competent, material, and substantial evidence on the whole record.

The parties suggest that this issue is governed by a specific provision in Michigan's Zoning Enabling Act—MCL 125.3606(2). We disagree. Under Michigan's Zoning Enabling Act, "[a]ny party aggrieved by a decision of the *zoning board of appeals* may appeal to the circuit court for the county in which the property is located." MCL 125.3606(1) (emphasis added). "If the court finds the record inadequate to make the review required by this section or finds that additional material evidence exists that with good reason was not presented, the court shall order further proceedings on conditions that the court considers proper." MCL 125.3606(2). "The *zoning board of appeals* may modify its findings and decision as a result of the new proceedings or may affirm the original decision." *Id*. (emphasis added). "The supplementary record and decision shall be filed with the court." *Id*. "The court may [then] affirm reverse, or modify the decision." *Id*.

Here, Beck appealed a decision of the Planning Commission per Const 1963, art 6, § 28. See *Carleton Sportsman's Club*, 217 Mich App at 200 ("where a township zoning ordinance does not provide for review of a request for a special land-use permit by a zoning board of appeals, the township board's decision is final and subject to appellate review by the circuit court pursuant to Const 1963, art 6, § 28."). Because MCL 125.3606(2) addresses the standards applicable to appeals from decisions of a zoning board of appeals, and Beck did not appeal a decision of a zoning board of appeals, MCL 125.3606(2) does not apply.[6]

As previously addressed, under Const 1963, art 6, § 28, the circuit court was required to determine whether the Planning Commission's decision was authorized by law and whether its findings were supported by competent, material, and substantial evidence on the whole record. See *Fonda Island & Briggs Lake Joint Water Auth*, unpub op at 8. See also Const 1963, art 6, § 28. Beck failed to present Doozan's report as evidence in support of its special land use application before the Planning Commission. Instead, Beck presented Doozan's report for the first time before the circuit court on appeal. The circuit court was tasked with evaluating the Planning Commission's decision to determine whether it was authorized by law and whether its findings were supported by competent, material, and substantial evidence on the whole record. Because Doozan's report was not considered as part of the record underlying the Planning Commission's

_____

[6] Even if we applied MCL 125.3606(2) by analogy, the outcome would not differ because Beck failed to proffer any "good reason" justifying its failure to present Doozan's report as evidence before the Planning Commission.

-8-

decision, the circuit court misapplied the standard of review by directing the Planning Commission to consider Doozan's report on remand.

## IV. CONCLUSION

We affirm in part, reverse in part, and remand for further proceedings. We affirm the circuit court's decision to remand this matter to the Planning Commission. We reverse the circuit court's decision to the extent it required the Planning Commission to consider the Doozan Report. On remand, the Planning Commission shall make findings and conclusions regarding the special land use application as provided by MCL 125.3502(4). As part of that process, it may, but is not required to, hold additional hearings or consider additional evidence. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Stephen L. Borrello
/s/ Adrienne N. Young